UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENLYTE THOMAS GROUP LLC,
a Delaware Limited Liability Company

    Plaintiff,

v.

ARCHITECTURAL LIGHTING SYSTEMS a
division of ARCH LIGHTING GROUP, a
Rhode Island Corporation

    Defendant.

05 CV 10945 REK

Civil Action No.

AMOUNT $ 4,350.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 5/6/05

## COMPLAINT

Plaintiff, Genlyte Thomas Group LLC ("Genlyte Thomas"), by counsel, for its Complaint against Defendant, Architectural Lighting Systems, a division of Arch Lighting Group ("ALS"), complains and alleges as follows:

### I. JURISDICTION AND VENUE  MAGISTRATE JUDGE ____

1. This is an action for patent infringement under 35 U.S.C. § 271 et seq. Jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question) and § 1332 (diversity), as well as under 28 U.S.C. § 1338(a) (patents).

2. Venue properly resides in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b).

### II. THE PARTIES

3. Plaintiff, Genlyte Thomas, is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 10350 Ormsby Park Place, Louisville, Kentucky 40223.

1

4. Upon information and belief, ALS is a corporation organized and existing under the laws of the State of Rhode Island, and has its principal place of business at 30 Sherwood Drive, Taunton, Massachusetts 02780.

### III. INFRINGEMENT OF U. S. PATENT NO. 5,038,254 BY ALS

5. Genlyte Thomas is the owner of the entire right, title and interest in and to United States Patent No. 5,038,254, entitled "Integrated Medical Light System," which was duly and legally issued by the U.S. Patent and Trademark Office on August 6, 1991 (hereinafter "the '254 patent"). A copy of the '254 Patent is attached hereto as Exhibit A and is incorporated herein by reference.

6. By virtue of its ownership of the '254 Patent, Genlyte Thomas has the exclusive right to make, use, sell, offer for sale and import into the United States embodiments of the inventions claimed in the '254 Patent, and the exclusive right to authorize others to do the same. Genlyte Thomas has not authorized ALS to make, use, sell or offer to sell, or import any device into the United States under the '254 Patent.

7. At all times, Genlyte Thomas has complied with the requirements of 35 U.S.C. § 287.

8. Upon information and belief, ALS, through its agent or agents, without permission or license from Genlyte Thomas, has unlawfully and wrongfully made, sold, offered for sale and/or imported, and is now making, selling, offering for sale and/or importing, in direct competition with Genlyte Thomas within the United States, certain lighting products, designated by the name or trademark MulTMed (the "Accused Products"). The Accused Products contain, embody and employ the invention(s) described and claimed in the '254 Patent, in violation of

Genlyte Thomas' exclusive rights thereunder, and to the great loss and injury to Genlyte Thomas.

9. Upon information and belief, ALS has unlawfully and wrongfully made, used, sold, offered for sale and/or imported, contributed to the making, using, selling, offering for sale and/or importing, and induced others to make, use, sell, offer for sale and/or import, the Accused Products for ALS's own benefit, within the United States including this judicial district, in direct violation of Genlyte Thomas' exclusive rights under the '254 Patent.

10. ALS's unlawful and wrongful making, using, selling, offering for sale and/or importing, contributing to the making, using, selling, offering to sell and/or importing; and/or inducing of others to make, use, sell, offer to sell, and/or import the Accused Products within the United States including this judicial district constitutes infringement of at least one claim of the '254 Patent.

11. Upon information and belief, ALS has derived, received, and will derive and receive from the aforesaid direct, contributory and/or induced infringement of the '254 Patent, substantial gains, profits, and advantages, including gains profits and advantages from regular sales of the Accused Products within the United States including this judicial district, in amounts to be proven at trial. As a direct and proximate result of the aforesaid infringements, Genlyte Thomas has been, and will be, greatly damaged and has been, and will be, deprived and prevented from receiving, if further such infringement is not restrained and enjoined by this Court, all the gains and profits to which Genlyte Thomas is lawfully entitled and which it would have derived and received, but for the aforesaid infringements by ALS.

12. ALS had notice and knowledge of the '254 Patent, but despite such notice and knowledge, has deliberately committed, and continues to commit, the aforesaid acts of direct, contributory and/or induced infringement of the '254 Patent.

13. Because of the aforesaid acts of direct, contributory and induced infringement by ALS of the '254 Patent despite notice and knowledge thereof, ALS's infringements have been, and continue to be, willful, deliberate, and in conscious disregard for the rights of Genlyte Thomas under the '254 Patent.

WHEREFORE, Genlyte Thomas respectfully demands:

A. That ALS be adjudicated an infringer of the '254 Patent;

B. That by reason of said infringement and pursuant to 35 U.S.C. § 283, preliminary and/or permanent injunctions be issued restraining and enjoining ALS and its officers, agents, servants and employees and those in active concert therewith, from directly or indirectly making or causing to be made, using or causing to be used, selling or causing to be sold, offering for sale or causing to be offered for sale and importing or causing to be imported, any product in accordance with or embodying any invention(s) set forth and claimed in the '254 Patent, including but not limited to the Accused Products.

C. That ALS be directed to account to Genlyte Thomas for all gains, profits and advantages realized by ALS from its manufacturing and marketing of the Accused Products resulting in infringement of the '254 Patent and ALS's unlawful use and practice of the invention(s) patented in and by the '254 Patent, from the beginning of marketing the Accused Products, and other products or necessary accessories sold in connection therewith, and other products which infringe the '254 Patent and accessories sold therewith, up to and including the time of judgment herein;

4

D. That, in addition, ALS be ordered to pay to Genlyte Thomas such damages as have been sustained by Genlyte Thomas as a result of said infringement(s) by ALS up to the time of judgment herein;

E. That all damages awarded to Genlyte Thomas be trebled by the Court pursuant to 35 U.S.C. § 284;

F. That Genlyte Thomas recover prejudgment interest from ALS pursuant to 35 U.S.C. § 284 on damages awarded to Genlyte Thomas;

G. That ALS be ordered to pay to Genlyte Thomas its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

H. That Genlyte Thomas recover all its other costs and disbursements that may be incurred by Genlyte Thomas in this action; and

I. That the Court grant to Genlyte Thomas such other and further relief as it may deem just, proper and equitable.

## JURY DEMAND

Genlyte Thomas demands a trial by jury on all issues triable of right by a jury which are raised for determination by this Complaint, or which may be raised by any pleading or amended pleading, including any counterclaim to be filed herein.

Respectfully submitted,

Dated: May 6, 2005

_____
Thomas C. O'Konski  BBO #377475
John L. Capone BBO #656150
CESARI and MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone: (617) 951-2500
Facsimile: (617) 951-3927

COUNSEL FOR PLAINTIFF, GENLYTE THOMAS GROUP LLC

Of Counsel:

James E. Milliman
James R. Higgins, Jr.
Robert J. Theuerkauf
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville KY 40202
Telephone: (502) 584-1135
Facsimile: (502) 561-0442

## United States Patent [19]

### Fabbri et al.

[11] Patent Number: 5,038,254

[45] Date of Patent: Aug. 6, 1991

[54] **INTEGRATED MEDICAL LIGHT SYSTEM**

[75] Inventors: Wiliam C. Fabbri, Billerica; Roy Crane, Wilmington, both of Mass.

[73] Assignee: Keene Corporation, Union, N.J.

[21] Appl. No.: 629,436

[22] Filed: Dec. 18, 1990

[51] Int. Cl.$^5$ .............................................. F21V 13/00
[52] U.S. Cl. ...................................... 362/33; 362/225; 362/147; 362/804
[58] Field of Search ................. 362/33, 225, 240, 364, 362/147, 804

[56] **References Cited**

U.S. PATENT DOCUMENTS

3,928,757  12/1975  Nelson ........................... 362/804 X
4,204,274   5/1980  Lüderitz ........................ 362/225 X

Primary Examiner—Stephen F. Husar
Attorney, Agent, or Firm—Kane, Dalsimer, Sullivan, Kurucz, Levy, Eisele and Richard

[57] **ABSTRACT**

The apparatus is a medical lighting system which includes a ceiling-mount reading light, examination light and ambient light. The reading light is directed toward a selected reading area on a hospital bed directly below the medical lighting system. The examination light illuminates the entire top surface of the hospital bed. The ambient light directs light to a wall abutting the head of the hospital bed thereby providing reflected light to the vicinity of the hospital bed.

14 Claims, 2 Drawing Sheets





FIG. 1



FIG. 2

5,038,254

# INTEGRATED MEDICAL LIGHT SYSTEM

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

This invention pertains to a light system for use in hospitals and health facilities. The light system includes an examination light, an ambient light, and a reading light and is preferably mounted in the ceiling.

### 2. Description of the Prior Art

In hospitals and similar health or medical facilities, it is desirable to provide the bedridden patient with three types of lights—the first is an ambient light which provides background, preferably reflected, light to a large area surrounding the bed; the second is a reading light which provides direct light to a portion of the patient's bed; and the third is an examination light which directs a high intensity light to substantially the entire area of the patient's bed. The ambient light typically has an illumination value of approximately 50 foot-candles while the reading light typically has an illumination value of approximately 70 foot-candles and the examination light typically has an illumination value of approximately 100 foot-candles.

In the prior art, these lights were typically provided individually in a haphazard way. Different types of lamps and light fixtures were placed around the bed with numerous plugs competing with medical equipment for available outlet space. Moreover, such an arrangement was unsightly and could impede the mobility of the patient, the patient's bed, or the surrounding medical equipment.

Wall-mounted fixtures alleviated some of the above-identified deficiencies but still left much to be desired aesthetically and, more importantly, could impede access to the patient, and were easily damaged by motor driven bed headboards.

## OBJECTS AND SUMMARY OF THE INVENTION

It is therefore an object of this invention to provide an integrated medical lighting system which provides an ambient light with an illumination value of about 50 foot-candles over a wide area; a reading light with an illumination value of about 70 foot-candles over an area appropriate for a patient reading in bed; and an examination light with an illumination value of about 100 foot-candles over the entire area of the patient's bed.

It is therefore a further object of this invention to provide an integrated medical lighting system which requires no more than one or two electrical connections.

It is therefore a still further object of this invention to provide an integrated medical lighting system which does not impede access to the patient, the patient's bed, or surrounding medical equipment.

It is therefore a final object of this invention to provide an integrated medical lighting system which is aesthetically pleasing.

These and other objects are effectively attained by providing a ceiling-mounted medical lighting system which includes three individual dedicated light fixtures. The lighting system is rectangular and is designed to be placed so that one of the shorter ends of the rectangle is placed substantially on the ceiling-wall interface directly over the head of the patient's bed. The bed is placed so that the longer sides of the bed are parallel to the longer sides of the rectangular light fixture.

A first light fixture includes a fluorescent bulb and a reflector designed to direct light toward the forward portion of the patient's bed so as to allow a patient to read comfortably. A second light fixture includes a fluorescent bulb and a reflector designed to direct light toward a vertical wall abutting the head of the patient's bed so as to provide a reflected light over a large area around the patient's bed. A third light fixture includes two to four fluorescent (preferably biax ® or other U-shaped) bulbs which are oriented perpendicularly to the bed. The fluorescent bulbs have a light distribution pattern which is substantially oriented in the direction perpendicular to the bulb. Therefore, the entire area of the bed is efficiently illuminated providing an examination light.

## BRIEF DESCRIPTION OF THE DRAWINGS

Further objects and advantages of the invention will become apparent from the following description and claims, and from the accompanying drawings, wherein:

FIG. 1 is a side plan view of the integrated medical light system of the present invention.

FIG. 2 is a bottom plan view of the integrated medical light system of the present invention.

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

Referring now to the drawings in detail wherein like numerals indicate like elements throughout the several views, FIG. 1 is a side plan view of lighting fixture 10 shown installed in ceiling 100 directly over bed 200. FIG. 2 shows the rectangular shape of lighting fixture 10 formed by long sides 12, 14 and short sides 16, 18. Long sides 12, 14 are typically four feet in length while short sides 16, 18 are typically two feet in length. As shown in FIG. 1, short side 16 abuts the wall-ceiling (300, 100, respectively) interface directly over the head of bed 200. Long sides 12, 14 are parallel to the longer side of bed 200.

Reading light reflector 20 is along short side 16 of lighting fixture 10 proximate to wall 300 and includes a fluorescent bulb 22 positioned therewithin parallel to short sides 16, 18 of lighting fixture 10 so as to provide a direct light to reading area 400 of bed 200 as shown on FIG. 1. Reflector 20 and bulb 22 are chosen to provide an illumination of approximately 70 foot-candles to reading are 400.

Ambient light reflector 24 is inwardly adjacent to reading light reflector 20 and includes a fluorescent bulb 26 positioned therewithin parallel to short sides 16, 18 of lighting fixture 10 so as to reflect or bounce light from wall 300 thereby providing ambient light to bed 200. Reflector 24 and bulb 26 are chosen to provide approximately 50 foot-candles of illumination to the ambient area.

Reflectors 20, 24 and bulbs 22, 26 are configured so as not to direct glare toward the head of bed 200 where the patient's head is likely to be, whether in a supine or sitting position. Similarly, reflectors 20, 24 and bulbs 22, 26 are configured so as not to direct glare to areas adjacent to bed 200 so as to allow other beds (not shown) to be placed proximate thereto without undue disturbance of neighboring patients.

Examination light reflector 28 is outwardly adjacent to ambient light reflector 24, includes short side 18 and is opposite from reading light reflector 20. Examination

5,038,254

3

light reflector 28 includes two to four fluorescent bulbs 30, 32. Fluorescent bulbs 30, 32 (preferably biax ® or other U-shaped) are parallel to short sides 16, 18 of lighting fixture 10. As fluorescent bulbs 30, 32 have a characteristic directional light distribution pattern oriented in the direction perpendicular to the bulbs, the entire area of the bed 200 is efficiently illuminated. The bulbs 30, 32 and reflector 28 are chosen to provide 100 foot-candles of illumination to the bed 200. An important feature of the present invention resides in the orientation of the lamps within the lighting 1 fixture which permits the lighting fixture 10 to be packaged in a two foot by four foot configuration and thereby replace a conventional troffer.

Bulbs 22, 26, 30 and 32 are powered by a single electrical source, preferably supplied from wiring within ceiling 100 although the use of a single electric cord (not shown) engaging an electrical socket (not shown) may be used. A single switch module (not shown), either hand-held or built into wall 300, is used to control bulbs 22 and 26 and a wall switch to control bulbs 30 and 32.

To use this device, the patient operates the switch module (not shown) to operate selectively bulbs 22 and 26. Medical personnel control bulbs 30 and 32 of the examination lighting from a switch on the headwall, not easily accessible to the patient.

Thus the several aforementioned objects and advantages are most effectively attained. Although a single preferred embodiment of the invention has been disclosed and described in detail herein, it should be understood that this invention is in no sense limited thereby and its scope is to be determined by that of the appended claims.

What is claimed is:

1. A medical lighting system comprising:
   a body;
   means for ceiling-mounting said body;
   a first light fixture within said body oriented to direct light downwardly to a selected reading area under said body;
   a second light fixture within said body oriented to direct light downwardly and outwardly to a vertical wall surface outwardly adjacent from said body whereby light is reflected back to a broad area under said body.

2. The medical lighting system of claim 1 wherein said first light fixture includes a first reflector and a first fluorescent bulb therewithin; and said second light fixture includes a second reflector and a second fluorescent bulb therewithin.

3. A medical lighting system comprising:
   a body;
   means for ceiling-mounting said body;
   a first light fixture within said body oriented to direct light downwardly to a selected reading area under said body;
   a second light fixture within said body oriented to direct light downwardly and outwardly to a vertical wall surface outwardly adjacent from said body whereby light is reflected back to a broad area under said body;

4

   a third light fixture within said body oriented to direct light downwardly under said body to a selected patient examination area.

4. The medical lighting system of claim 3 wherein said first light fixture includes a first reflector and a first fluorescent bulb therewithin; said second light fixture includes a second reflector and a second fluorescent bulb therewithin; and said third light fixture includes a third reflector and a fluorescent assembly therewithin.

5. The medical lighting system of claim 4 wherein said fluorescent assembly includes at least one fluorescent bulb with a light distribution pattern oriented in a direction perpendicular to said at least one fluorescent bulb.

6. The medical lighting system of claim 5 wherein said at least one fluorescent bulb is a "biax"-type bulb.

7. The medical lighting system of claim 5 wherein said fluorescent assembly includes at least two fluorescent bulbs with a light distribution pattern oriented in a direction perpendicular to said at least two fluorescent bulbs.

8. The medical lighting system of claim 7 wherein said at least two fluorescent bulbs are "biax"-type bulbs.

9. The medical lighting system of claim 5 wherein said body is rectangular and a first shorter and of said body is designed to abut the vertical wall surface; wherein said first fluorescent light fixture abuts said first shorter end and said first fluorescent light bulb is parallel to said first shorter end; wherein said second fluorescent light fixture is inwardly adjacent to said first fluorescent light fixture and said second fluorescent light fixture is parallel to first shorter end; and wherein said third fluorescent light fixture is outwardly adjacent from said second fluorescent light fixture and abuts a second shorter end of said body; and wherein said at least one fluorescent bulb is parallel to said first shorter end.

10. The medical lighting system of claim 9 wherein said first and second shorter ends are substantially two feet in length and said body includes first and second longer ends which are substantially four feet in length.

11. The medical lighting system of claim 9 wherein said first light fixture illuminates said selected reading area to substantially 70 foot-candles; wherein said second light fixture illuminates said broad area to substantially 50 foot-candles; and wherein said third light fixture illuminates said patient examination area to substantially 100 foot-candles.

12. The medical lighting system of claim 11 wherein said patient examination area is sufficient in size to include a standard hospital bed when said first light fixture is substantially directly over a head of the standard hospital bed, the head of the standard hospital bed substantially abutting the vertical wall surface.

13. The medical lighting system of claim 3 wherein a distribution of light from said first and second light fixtures excludes glare from being directed to a forward area of a standard hospital bed placed below the medical lighting system.

14. The medical lighting system of claim 3 wherein a distribution of light from said first and second light fixtures excludes glare from areas adjacent to a standard hospital bed placed below the medical lighting system.

* * * * *

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **GENLYTE THOMAS GROUP LLC v. ARCHITECTURAL LIGHTING SYSTEMS a division of ARCH LIGHTING GROUP**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   **05 CV 10945 DPW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Thomas C. O'Konski   BBO# 377475
ADDRESS   Cesari and McKenna, LLP, 88 Black Falcon Avenue, Boston, MA 02210
TELEPHONE NO.   (617) 951-2500

(CategoryForm.wpd - 5/2/05)

§JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GENLYTE THOMAS GROUP LLC

**DEFENDANTS**
ARCHITECTURAL LIGHTING SYSTEMS a division of ARCH LIGHTING GROUP

(b) County of Residence of First Listed Plaintiff: Jefferson County, KY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Bristol County, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Cesari and McKenna, LLP, 88 Black Falcon Ave., Boston, MA 02210
(617) 951-2500

Attorneys (If Known)
**05 CV 10945 RFK**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. Section 271

Brief description of cause:
This is an action for patent infringement under 35 U.S.C. Section 271 et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 0.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 05/06/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____