UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

GENLYTE THOMAS GROUP LLC,

Plaintiff/Counterclaim Defendant,

v.

ARCHITECTURAL LIGHTING SYSTEMS, a
division of ARCH LIGHTING GROUP,

Defendant/Counterclaimant.

Civil Action No.  05-CV-10945 REK

---

## ANSWER AND COUNTERCLAIMS

Defendant, Arch Lighting Group, Inc., hereby answers the allegations of the Complaint

of Genlyte Thomas Group LLC as follows:

### I.  JURISDICTION AND VENUE

1.      Admits that the Complaint sets forth an allegation of patent infringement and that

jurisdiction is proper.

2.      Admits.

### II.  THE PARTIES

3.      Lacks sufficient knowledge as to the truth of the allegations of paragraph 3 and,

therefore, denies them.

4.      Denies that Architectural Lighting Systems is a corporation or a division of Arch

Lighting Group.  Admits that Arch Lighting Group, Inc. is a Rhode Island corporation having a

principal place of business at 30 Sherwood Drive, Taunton, Massachusetts and that it does

business under the names Architectural Lighting Systems and ALS.

1

### III.  INFRINGEMENT OF U.S. PATENT NO. 5,038,254 BY ALS

5.      Admits that a copy of the'254 patent is attached to the Complaint as Exhibit A.
Denies the remaining allegations of paragraph 5.

6.      Admits that Genlyte Thomas has not authorized ALS to make, use, sell or offer to
sell, or import any device into the United States under the '254 patent.  Denies the remaining
allegations of paragraph 6.

7.      Lacks sufficient knowledge as to the truth of the allegations of paragraph 7 and,
therefore, denies them.

8.      Admits that ALS has made, sold and offered for sale, and is making, selling and
offering for sale products under the name MulTMed.  Denies the remaining allegations of
paragraph 8.

9.      Denies.

10.     Denies.

11.     Denies.

12.     Admits that ALS has knowledge of the '254 Patent.  Denies the remaining
allegations of paragraph 12.

13.     Denies.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – INVALIDITY

The claim of Genlyte Thomas for patent infringement is barred because the '254 patent is
invalid for failure to meet the conditions for patentability of 35 U.S.C. §§1, et seq.

### SECOND AFFIRMATIVE DEVENSE – LACHES

The claim of Genlyte Thomas for patent infringement is barred as being untimely.

## THIRD AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

The request of Genlyte Thomas for an accounting of gains, profits and advantages lacks any basis in law and fails to state a claim.

.

## COUNTERCLAIMS

Defendant/Counterclaimant, Arch Lighting Group, Inc. ("ALS"), by counsel, for its counterclaims against Plaintiff/Counterclaim Defendant, Genlyte Thomas Group LLC ("Genlyte Thomas"), complains and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.     ALS is a Rhode Island corporation having a principal place of business at 30 Sherwood Street, Taunton, Massachusetts.

2.     Genlyte Thomas alleges that it is a Delaware corporation having a principal place of business at 10350 Ormsby Park Place, Louisville, Kentucky.

3.     The counterclaims relate to a declaratory judgment of patent invalidity, non-infringement, and patent misuse under the patent laws of the United States, and related claims under the laws of the Commonwealth of Massachusetts.  Jurisdiction is proper under 28 U.S.C. §§1331, 1338(a), 2201, and 2202, and the court's pendant jurisdiction.

4.     Venue is proper in this district under 28 U.S.C. §§1391(b) and (c) and 1400 (b).

5.      Genlyte Thomas has accused ALS of patent infringement and filed the present action relating to patent infringement.  ALS has denied the accusation.  Therefore, an actual controversy exists between the parties.

### COUNTERCLAIM I – PATENT INVALIDITY

6.     ALS repeats and realleges the allegations of paragraphs 1-3 herein.

3

7.      U.S. Patent No. 5,038,254 ("the '254 Patent") is invalid as failing to meet the conditions for patentability of 35 U.S.C. §§ 1, et seq.

8.      ALS is entitled to a declaratory judgment that the '254 patent is invalid.

## COUNTERCLAIM II – NONINFRINGEMENT

9.      ALS repeats and realleges the allegations of paragraphs 1-5 herein.

10.     ALS's MulTMed products do not include all of the limitations of any claim of the '254 Patent.  ALS has not infringed and has not induced nor contributed to the infringement of the '254 patent.

11.     ALS is entitled to a declaratory judgment that it has not infringed the '254 patent.

## COUNTERCLAIM III – PATENT MISUSE

12.     ALS repeats and realleges the allegations of paragraphs 1-7 herein.

13.     In February 2005, Genlyte Thomas conducted testing on ALS's MulTMed products.  Such testing shows that the ALS MulTMed products do not infringe any claim of the '254 Patent.

14.     Genlyte Thomas' allegations of patent infringement and this lawsuit lack an objective basis in fact.  Genlyte Thomas' allegations of patent infringement and this lawsuit constitute patent misuse.

## COUNTERCLAIM IV  - INTERFERENCE WITH BUSINESS RELATIONS

15.     ALS repeats and realleges the allegations of paragraphs 1-10 herein.

16.     On or about November 23, 2004, counsel for Genlyte Thomas sent a letter to Reflex Lighting Group, Inc., a customer of ALS, located in South Boston, Massachusetts.  This letter set forth its baseless allegations of patent infringement and sought to prevent use by Reflex Lighting Group, Inc. of ALS's MulTMed products.

17.     Genlyte Thomas has improperly sought to interfere with the contracts and business relations of ALS.

18.     ALS has been damaged as a result of the interference of Genlyte Thomas with its contracts and business relations in an amount to be determined at trial.

WHEREFORE, ALS prays that this Court:

A.     Deny all demands of Gentyle Thomas in its Complaint;

B.     Declare that the '254 Patent is invalid;

C.     Declare that the '254 Patent is not infringed by ALS;

D.     Declare that the '254 Patent is unenforceable due to the patent misuse by Genlyte Thomas;

E.     Award ALS all its damages resulting from the interference of Genlyte Thomas with ALS's contracts and business relations;

F.     Determine this case to be exceptional and award ALS its attorneys fees pursuant to 35 U.S.C. §285; and

G.     Grant such other relief as it determines is just and equitable.

## JURY DEMAND

ALS hereby demands trial by jury as to any claim or defense in the Complaint or Counterclaims triable of right by jury.

5

6

Respectfully submitted,


_____/s/  Brett N. Dorny_____
Brett N. Dorny, BBO #628977
Law Office of Brett N. Dorny
321 Church Street
Northborough, Massachusetts  01532
Tel.  508-904-3228

Attorney for Defendant

Dated:  July 1, 2005