UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENLYTE THOMAS GROUP LLC,
a Delaware Limited Liability Company

        Plaintiff,

v.

ARCHITECTURAL LIGHTING SYSTEMS, a
division of ARCH LIGHTING GROUP, a
Rhode Island Corporation

        Defendant.

Civil Action No. 05-CV-10945 REK

## GENLYTE THOMAS GROUP LLC'S REPLY TO
## ARCH LIGHTING GROUP, INC.'S COUNTERCLAIMS

Plaintiff, Genlyte Thomas Group LLC ("Genlyte Thomas"), by counsel, for its Reply to

Defendant, Arch Lighting Group, Inc.'s ("ALS") Counterclaims, states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Genlyte Thomas reserves the right to assert additional affirmative defenses as may be

established by discovery in this action.

### GENERAL DEFENSES

1.      Genlyte Thomas is without information or knowledge sufficient to form a belief

as to the truth or falsity of the allegations contained in numerical paragraph 1 of the

Counterclaims and, therefore, denies the same.

2.      Genlyte Thomas admits the allegations contained in numerical paragraph 2 of the

Counterclaims.

3.      Genlyte Thomas admits the allegations contained in numerical paragraph 3 of the Counterclaims insofar as the Counterclaims purport to be an action under the patent laws of the United States, with jurisdiction being conferred on this Court pursuant to 28 U.S.C. §§1331, 1338(a), 2201 and 2202, and that the Counterclaims purport to be a declaratory judgment action; however, Genlyte Thomas denies that any such claims are stated.  Genlyte Thomas denies the remaining allegations contained in numerical paragraph 3 of the Counterclaims.

4.      Genlyte Thomas admits the allegations contained in numerical paragraph 4 of the Counterclaims.

5.      Genlyte Thomas admits the allegations contained in numerical paragraph 5 of the Counterclaims.

6.      Numerical paragraph 6 of the Counterclaims re-alleges and incorporates by reference numerical paragraphs 1 through 3 of the Counterclaims.  Likewise, Genlyte Thomas restates and incorporates by reference all of its previous responses to said paragraphs.

7.      Genlyte Thomas denies the allegations contained in numerical paragraph 7 of the Counterclaims.

8.      Genlyte Thomas denies the allegations contained in numerical paragraph 8 of the Counterclaims.

9.      Numerical paragraph 9 of the Counterclaims re-alleges and incorporates by reference numerical paragraphs 1 through 5 of the Counterclaims.  Likewise, Genlyte Thomas restates and incorporates by reference all of its previous responses to said paragraphs.

10.     Genlyte Thomas denies the allegations contained in numerical paragraph 10 of the Counterclaims.

11.    Genlyte Thomas denies the allegations contained in numerical paragraph 11 of the Counterclaims.

12.    Numerical paragraph 12 of the Counterclaims re-alleges and incorporates by reference numerical paragraphs 1 through 7 of the Counterclaims.  Likewise, Genlyte Thomas restates and incorporates by reference all of its previous responses to said paragraphs.

13.    With regard to numerical paragraph 13 of the Counterclaims, Genlyte Thomas admits that in or about February 2005, it conducted testing on ALS's MulTMed products. Genlyte Thomas denies the remaining allegations contained in numerical paragraph 13.

14.    Genlyte Thomas denies the allegations contained in numerical paragraph 14 of the Counterclaims.

15.    Numerical paragraph 15 of the Counterclaims re-alleges and incorporates by reference numerical paragraphs 1 through 10 of the Counterclaims.  Likewise, Genlyte Thomas restates and incorporates by reference all of its previous responses to said paragraphs.

16.    With regard to paragraph 16 of the Counterclaims, Genlyte Thomas admits that on or about November 23, 2004, its counsel sent a letter to Reflex Lighting Group, Inc., located in South Boston, Massachusetts.  Genlyte Thomas denies the remaining allegations contained in numerical paragraph 16.

17.    Genlyte Thomas denies the allegations contained in numerical paragraph 17 of the Counterclaims.

18.    Genlyte Thomas denies the allegations contained in numerical paragraph 18 of the Counterclaims.

**WHEREFORE,** Plaintiff, Genlyte Thomas Group LLC, respectfully demands:

A.      That the Counterclaims be dismissed, with prejudice, and that the Defendant take nothing thereby;

B.      That the Court grant Plaintiff the relief requested in the Complaint filed herein;

C.      That the Court award Plaintiff its costs, including reasonable attorneys' fees, incurred in this action; and

D.      That the Court award Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,


__/s/ John L. Capone_____
James E. Milliman  (*admitted pro hac vice*)
James R. Higgins, Jr.  (*admitted pro hac vice*)
Robert J. Theuerkauf  (*admitted pro hac vice*)
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville KY  40202
Telephone:  (502) 584-1135
Facsimile:  (502) 561-0442

-and-

Thomas C. O'Konski  BBO#337475
John L. Capone  BBO#656150
CESARI AND MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA  02210
Telephone:  (617) 951-2500
Facsimile:  (617) 951-3927

*Counsel for Plaintiff, Genlyte Thomas Group LLC*

4