UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENLYTE THOMAS GROUP LLC,
a Delaware Limited Liability Company

Plaintiff,

v.                                                    Civil Action No. 05-CV-10945 REK

ARCHITECTURAL LIGHTING SYSTEMS, a
division of ARCH LIGHTING GROUP, a
Rhode Island Corporation

Defendant.

## JOINT 26(f) REPORT ON DISCOVERY PLAN AND SCHEDULE

Pursuant to Fed.R.Civ.P. 16(b) and 26(f), a meeting was held between counsel for

Plaintiff Genlyte Thomas Group LLC ("Genlyte Thomas") and Defendant Arch Lighting

Group, Inc. ("ALS") by telephone on August 12, 2005.

The parties hereby report on that meeting and set forth the following regarding a

discovery plan and schedule for this case.

1.    Rule 26(a) Disclosures

The parties agree to exchange Rule 26(a)(1) disclosures within ten (10) days

following the filing of this Discovery Plan and Schedule.

2.    Discovery Subjects and Procedures

Discovery will be needed in this patent case on the subjects of infringement,

validity, and enforceability of the patents-in-suit, claim interpretation, and damages.

Discovery should not be conducted in phases or limited to or focused on

particular issues.

1

3.    <u>Discovery Event Limitations</u>

Limitations on depositions will be in accordance with Fed.R.Civ.P. 30.  Requests for production of documents and things should be limited to 120 requests for each side. Interrogatories should be limited to 50 interrogatories, including subparts, for each side. Requests for admission should be limited to 50 requests for each side with the exception of requests for admission directed to authenticating documents.

4.    <u>Proposed Scheduling</u>

The parties have not wholly agreed upon a schedule for this case.  Plaintiff believes that *Markman* Briefing and a *Markman* Hearing will aid the Court in construing the claim terms at issue.  The Defendant does not believe that a separate process is necessary for claim interpretation and proposes that the Court construe the claims of the patent as necessary to decide any motions for summary judgment and/or to instruct the jury.  The schedules proposed by the Plaintiff and Defendant are separately setforth below:

| Item | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| Motions to Amend Pleadings to add claims or parties | September 15, 2005 | September 15, 2005 |
| Filing of initial *Markman* Briefs | October 10, 2005 | N/A |
| Filing of responsive *Markman* Briefs | November 10, 2005 | N/A |
| Parties ready for *Markman* Hearing | December 1, 2005 | N/A |
| Close of Fact Discovery | March 31, 2006 | March 31, 2006 |
| Parties to serve expert reports on any issues at to which the parties have the burden of proof | March 31, 2006 or 30 days after the Court issues the *Markman* decision, whichever is later | March 31, 2006 |

| Parties to serve expert reports on any issues as to which the parties do not have the burden of proof | April 28, 2006, or 60 days after the Court issues its *Markman* decision, whichever is later | April 28, 2006 |
|---|---|---|
| Close of expert discovery | May 26, 2006, or 90 days after the Court issues its *Markman* decision, whichever is later | May 26, 2006 |
| Filing dispositive motions[1] | June 30, 2006, or 120 days after the Court issues its *Markman* decision, whichever is later | June 30, 2006 |
| Parties will be ready for a Pretrial Conference | September 1, 2006, or 180 days after the Court issues its *Markman* decision, whichever is later | September 1, 2006 |
| Parties will be ready for Trial | October 1, 2006 or 210 days after the Court issues its *Markman* decision, whichever is later | October 1, 2006 |

5.    <u>Other</u>

The parties do not consent to trial by a Magistrate Judge at this time.

The parties do not desire ADR at this time.

Attached hereto are Certifications signed by counsel and authorized

representatives of their clients in compliance with Local Rule 16.4.

---

[1] The parties believe that the particular circumstances of this case are such that many issues are susceptible to early disposition by summary judgment.  Their present intention is to file motions for summary judgment, as appropriate, prior to this deadline

Respectfully submitted,

GENLYTE THOMAS GROUP LLC

By Its Attorneys,

 /s/ John L. Capone
James E. Milliman (*pro hac vice*)
James R. Higgins, Jr. (*pro hac vice*)
Robert J. Theuerkauf  (*pro hac vice*)
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville KY  40202
Telephone:  (502) 584-1135
Facsimile:  (502) 561-0442

                        -and-

Thomas C. O'Konski  BBO#337475
John L. Capone  BBO#656150
CESARI AND MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA  02210
Telephone:  (617) 951-2500
Facsimile:  (617) 951-3927

Dated:  September 8, 2005

Respectfully submitted,

ARCHITECTURAL LIGHTING SYSTEMS

By Its Attorneys,

 /s/ Brett N. Dorny
Brett N. Dorny, BBO# 628977
LAW OFFICE OF BRETT N. DORNY
321 Church Street
Northborough, Massachusetts  01532
Telephone:  (508) 904-3328
Facsimile:  (508) 519-9185

Dated:  September 8, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GENLYTE THOMAS GROUP LLC,
a Delaware Limited Liability Company

       Plaintiff,

v.

ARCHITECTURAL LIGHTING SYSTEMS, a
division of ARCH LIGHTING GROUP, a
Rhode Island Corporation

       Defendant.

Civil Action No. 05-CV-10945 REK

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1

Pursuant to Local Rule 16.1, Plaintiff Genlyte Thomas Group LLC ("Genlyte

Thomas") and its counsel hereby certify that they have conferred with a view to

establishing a budget for the costs of conducting the full course – and various alternative

courses – of the litigation, and to consider the resolution of the litigation through the use

of alternative dispute resolution, including those outlined in Local Rule 16.4.

GENLYTE THOMAS GROUP LLC
By: Daniel R. Fuller

James E. Milliman (*pro hac vice*)
James R. Higgins, Jr. (*pro hac vice*)
Robert J. Theuerkauf (*pro hac vice*)
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville KY  40202
Telephone:  (502) 584-1135
Facsimile:  (502) 561-0442

-and-

Thomas C. O'Konski  BBO#337475
John L. Capone  BBO#656150
CESARI AND MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA  02210
Telephone:  (617) 951-2500
Facsimile:  (617) 951-3927

*Counsel for Plaintiff, Genlyte Thomas
Group LLC*

Date:   September 8th, 2005                    Date:   September 8th, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENLYTE THOMAS GROUP LLC,

     Plaintiff,

     v.

ARCHITECTURAL LIGHTING
SYSTEMS, a division of ARCH
LIGHTING GROUP,

     Defendant.

Civil Action No.  05-CV-10945 REK

## DEFENDANT'S RULE 16.1(d)(3) CERTIFICATION

Pursuant to Local Rule 16.1(d)(3), Defendant, Arch Lighting Group, Inc., submits the following certification:

Defendant and its counsel have conferred (a) with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

ARCH LIGHTING GROUP, INC.

_____
Scott A. Davis
President

LAW OFFICE OF BRETT N. DORNY
Attorneys for Arch Lighting Group, Inc.

_____
Brett N. Dorny

Dated:  August 31, 2005