UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br>a Delaware Limited Liability Company<br><br>    Plaintiff,<br><br>v.<br><br>ARCHITECTURAL LIGHTING SYSTEMS, a<br>division of ARCH LIGHTING GROUP, a<br>Rhode Island Corporation<br><br>    Defendant. | Civil Action No. 05-CV-10945 REK |

**SUPPLEMENTAL JOINT 26(f) REPORT ON DISCOVERY PLAN AND SCHEDULE**

Pursuant to Fed.R.Civ.P. 16(b) and 26(f), an initial meeting was held between counsel for Plaintiff Genlyte Thomas Group LLC ("Genlyte Thomas") and Defendant Arch Lighting Group, Inc. ("ALS") by telephone on August 12, 2005. A subsequent meeting was held between the parties on November 10, 2005.

The parties hereby report on those meetings and set forth the following regarding a discovery plan and schedule for this case.

1.   Rule 26(a) Disclosures

The parties have already exchanged Rule 26(a)(1) disclosures.

2.   Discovery Subjects and Procedures

Discovery will be needed in this patent case on the subjects of infringement, validity, and enforceability of the patents-in-suit, claim interpretation, and damages.

Discovery should not be conducted in phases or limited to or focused on particular issues.

1

3.  Discovery Event Limitations

Limitations on depositions will be in accordance with Fed.R.Civ.P. 30. Requests for production of documents and things should be limited to 120 requests for each side. Interrogatories should be limited to 50 interrogatories, including subparts, for each side. Requests for admission should be limited to 50 requests for each side with the exception of requests for admission directed to authenticating documents.

4.  Proposed Scheduling

The parties have not wholly agreed upon a schedule for this case. Plaintiff believes that any claim terms in dispute be construed by the Court after *Markman* Briefing and a *Markman* Hearing[1]. Plaintiff believes the *Markman* process will aid the Court in understanding the relevant technology and construing any disputed claim terms in dispute. The Defendant does not believe that a separate process is necessary for claim interpretation and proposes that the Court construe the claims of the patent as necessary to decide any motions for summary judgment and/or to instruct the jury. The schedules proposed by the Plaintiff and Defendant are separately set forth below:

| Item | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| Motions to Amend Pleadings to add claims or parties | December 12, 2005 | December 12, 2005 |
| Close of Fact Discovery | May 25, 2006 | May 25, 2006 |
| Parties to serve expert reports on any issues as to which the parties have the burden of proof | May 25, 2006 or 30 days after the Court issues a *Markman* decision, whichever is later | May 25, 2006 |

---

[1] At this time no claim terms have been identified as in dispute. Should any claim terms be so identified Plaintiff proposes that deadlines for *Markman* briefing and expert reports regarding claim construction be established in addition to those deadlines setforth herein.

2

| Parties to serve expert reports on any issues as to which the parties do not have the burden of proof | June 23, 2006, or 60 days after the Court issues its *Markman* decision, whichever is later | June 23, 2006 |
|---|---|---|
| Close of expert discovery | July 28, 2006, or 90 days after the Court issues its *Markman* decision, whichever is later | July 28, 2006 |
| Filing dispositive motions [2] | August 31, 2006, or 120 days after the Court issues its *Markman* decision, whichever is later | August 31, 2006 |
| Parties will be ready for a Pretrial Conference | November 1, 2006, or 180 days after the Court issues its *Markman* decision, whichever is later | November 1, 2006 |
| Parties will be ready for Trial | December 4, 2006 or 210 days after the Court issues its *Markman* decision, whichever is later | December 4, 2006 |

5.  Other

The parties do not consent to trial by a Magistrate Judge at this time.

The parties do not desire ADR at this time.

Certifications signed by counsel and authorized representatives of their clients in compliance with Local Rule 16.4 have already been filed with the Court.

---

[2] The parties believe that the particular circumstances of this case are such that many issues are susceptible to early disposition by summary judgment. Their present intention is to file motions for summary judgment, as appropriate, prior to this deadline

4

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| GENLYTE THOMAS GROUP LLC | ARCHITECTURAL LIGHTING SYSTEMS |
| By Its Attorneys, | By Its Attorneys, |
| /s/ John L. Capone | /s/ Brett N. Dorny |
| James E. Milliman (*pro hac vice*) | Brett N. Dorny, BBO# 628977 |
| James R. Higgins, Jr. (*pro hac vice*) | LAW OFFICE OF BRETT N. DORNY |
| Robert J. Theuerkauf  (*pro hac vice*) | 321 Church Street |
| MIDDLETON REUTLINGER | Northborough, Massachusetts  01532 |
| 2500 Brown & Williamson Tower | |
| Louisville KY  40202 | |
| Telephone:  (502) 584-1135 | |
| Facsimile:  (502) 561-0442 | |

-and-

Thomas C. O'Konski  BBO#337475
John L. Capone  BBO#656150
CESARI AND MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA  02210
Telephone:  (617) 951-2500
Facsimile:  (617) 951-3927

Dated:  November 21, 2005                              Dated:  November 21, 2005