UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br>a Delaware Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>ARCHITECTURAL LIGHTING SYSTEMS, a<br>division of ARCH LIGHTING GROUP, a<br>Rhode Island Corporation<br><br>Defendant. | Civil Action No. 05-CV-10945 REK |

**STIPULATED PROTECTIVE ORDER**

The parties to this action having determined that certain documents, testimony, or information produced or given during discovery in these proceedings may constitute commercial, financial, trade secret and/or other proprietary information which should be kept confidential in order to protect the legitimate business interests of the parties, their customers and business associates, and other persons, and to expedite the discovery process and permit it to proceed without delay occasioned by disputes regarding such claims of confidentiality. Therefore, pursuant to Fed. R. Civ. P. 26(c), the parties, each by counsel, jointly move for entry of the within Order.

IT IS HEREBY STIPULATED by the attorneys for the parties, subject to the approval of the Court, that:

1.      **Scope of Order**. This Order governs the treatment of documents, depositions, deposition exhibits, deposition transcripts and deposition video tapes, interrogatory answers, responses to requests to admit and other written, recorded, computerized, electronic or graphic

matter, or other information ("Discovery Material") produced by any party or any nonparty who agrees to the terms of this Order (the "Producing Person") in this Action that is designated confidential by the Producing Person in accordance with the procedures set forth below.

2. <u>Designation of "Confidential' or "Highly Confidential" Matter</u>. A Producing Person producing Discovery Material to any other party (the "Inspecting Party") pursuant to formal or informal discovery (including but not limited to Fed. R. Civ. P. 30, 31, 33, 34 and 36) may designate only such portion of such Discovery Material as "Confidential" that contains or would otherwise disclose information of a non-public nature which the Producing Person believes in good faith to be a trade secret or other confidential research, development, or commercial information. A Producing Person producing Discovery Material to any Inspecting Party may designate only such portion of such Discovery Material as "Highly Confidential" that contains or discloses information that the producing party deems to be particularly sensitive personal, business or financial information, the disclosure of which beyond the persons to whom disclosure is allowed in this Order the Producing Person believes, in good faith, could result in business or personal harm. Such designations may only be made when the Producing Person has a good-faith basis for considering the Discovery Material to constitute "Confidential" or "Highly Confidential" Discovery Material. All Discovery Material so designated and all information derived therefrom shall be referred to in this Order as "Confidential Discovery Material" and shall be treated in strict accordance with the terms of this Order.

3. <u>Designation of Confidential Discovery Material</u>. The designation of Confidential Discovery Material shall be made by marking the cover page with a stamp containing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or by designating such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by description in discovery responses or

in correspondence accompanying the discovery responses or documents. With respect to multi-page documents that contain "Confidential" or "Highly Confidential" information, the designation may be made by marking only the first page thereof "Confidential" or "Highly Confidential" so long as such multi-page documents are securely bound. With respect to Confidential Discovery Material in computerized, video tape or electronic format, the Producing Person may inform the Inspecting Party in writing of its designation as Confidential Discovery Material. The Inspecting Party shall treat any printouts of such material in accordance with the treatment afforded Confidential Discovery Material elsewhere in this Order. With respect to deposition transcripts, the Producing Person may, on record of a deposition, or within 21 business days after receipt of the final of each volume of transcript of such deposition and/or video tape thereof, designate any portion or portions of such transcript and/or video tape thereof, including exhibits, as Confidential Discovery Material under the terms of this Order. Until such time period elapses, the entire volume of the deposition transcript (and any draft transcripts) shall be treated as "Highly Confidential" unless otherwise specified in writing or on the record of the deposition by the Producing Person. All copies of deposition transcripts and/or video tapes thereof that contain Confidential Discovery Material shall be prominently marked "Confidential" or "Highly Confidential" on the cover and/or label thereof and, if filed with the Court, the portions of such transcripts and/or video tapes so designated shall be filed under seal.

    4.    <u>Prior Production of Confidential Discovery Material</u>. "Confidential" or "Highly Confidential" treatment may be claimed for Discovery Material produced prior to the entry of this Order either by (a) providing counsel for Inspecting Party with new copies that have been stamped "Confidential" or "Highly Confidential" or (b) providing counsel for the Inspecting Party with a written description of those documents for which "Confidential" or "Highly

Confidential" treatment is desired and the request that counsel for the Inspecting Party treat any such documents and summaries thereof as "Confidential" or "Highly Confidential."

5. <u>Inadvertent Production of Confidential or Highly Confidential Matter</u>. In the event any Producing Person discovers that it has inadvertently produced Confidential Discovery Material to an Inspecting Party without correctly designating such material as "Confidential" or, "Highly Confidential" the Producing Person may thereafter claim "Confidential" or "Highly Confidential" treatment for the Confidential Discovery Material by notifying the Inspecting Party in writing of the inadvertent disclosure and identifying the Confidential Discovery Material for which "Confidential" or "Highly Confidential" treatment is claimed, and the parties shall thereafter treat such documents or information in accordance with this Order.

6. <u>Inadvertent Production of Privileged or Protected Documents</u>. Any discovery documents produced in this litigation may be later designated as "Attorney-Client Privilege" or "Attorney Work Product" promptly upon discovery by the Producing Person that any such privileged or protected document was produced through inadvertence, mistake or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the Inspecting Party shall promptly collect all such documents and copies thereof and return them to the Producing Person. Notwithstanding the foregoing, the Inspecting Party reserves the right to contest the assertion of privilege or other protection with respect to any document.

7. <u>Use of Confidential or Highly Confidential Matter</u>. Except with the prior written consent of the Producing Person or other person designating Discovery Material as "Confidential" or "Highly Confidential," no such stamped or designated material may be disclosed to any person except as hereinafter provided. Confidential Discovery Material shall be used only for the prosecution and/or defense of the above-captioned action or any appeals

4

therefrom, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Orders of the Court, or with the express written consent of the Producing Person with respect to specifically identified Confidential Discovery Material, and shall not be used or employed for any other purpose whatsoever; provided, however, that nothing herein is intended to waive any objections to the admissibility or discoverability of any Discovery Material in this or any other action or proceeding or any other objections to such Discovery Material or the production thereof. Further, nothing in this Order shall be construed as preventing an Inspecting Party from advising his or her client based on "Highly Confidential" material to which the client does not have access, so long as the substance of the "Highly Confidential" material is not disclosed to the client.

8. <u>Disclosure of Discovery Material Designated as "Confidential"</u>. Discovery Material designated by the Producing Person as "Confidential" or information derived therefrom may be disclosed or made available without written consent from the Producing Person only to the following persons:

(a) counsel of record to an Inspecting Party, including attorneys, clerks, paralegals, secretaries and other staff employed by such counsel;

(b) outside experts or consultants, otherwise unaffiliated with a party or its affiliates, retained in good faith to assist counsel in this action; provided that such experts or consultants confirm in writing their agreement to be bound by this Order prior to the receipt of any Confidential Discovery Material and a copy of such signed undertaking is retained by counsel to the party making disclosure to the expert or consultant;

(c) parties to this action, their officers, directors, board members and representatives, employees or former employees, and in-house counsel; provided that counsel making such

disclosure shall inform each such person that the Discovery Material is confidential and may not be disclosed or used except as provided by this Order;

(d)     clerical and data processing personnel retained by counsel to the parties and involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Discovery Material; provided that counsel making such disclosure shall inform each such person that the Discovery Material is confidential and may not be disclosed or used except as provided by this Order;

(e)     the Court, pursuant to the terms of this Order;

(f)     witnesses who appear at any deposition, hearing or trial in this Action, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial; provided that counsel making such disclosure shall inform each such person that the Discovery Material is confidential and may not be disclosed or used except as provided by this Order;

(g)     court reporters who record testimony taken in the course of this action or persons operating video recording equipment of and at such testimony; and

(h)     any other person as agreed by all parties in writing or as the Court in this action may order in the interest of justice, upon such terms as the Court may deem proper.

9.      <u>Disclosure of Discovery Material Designated as "Highly Confidential"</u>. Discovery Material designated by the Producing Person as "Highly Confidential" or information derived therefrom may be disclosed or made available without written consent from the Producing Person only to the following persons:

(a)     the persons described in paragraphs 8(a), (b), (d), (e), (g) and (h);

(b)     in-house counsel of the parties; and

(c) witnesses who appear at any deposition, hearing or trial in this action, provided that such witnesses are limited to the author(s) and recipient(s) of any such material and any other person(s) who it is apparent from the face of the material have seen such material before the commencement of this action, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial; provided that counsel making such disclosure shall inform each such person that the Discovery Material is "Highly Confidential" and may not be disclosed or used except as provided by this Order.

10. <u>Disclosing Confidential Discovery Material to Experts and/or Consultants</u>. At least five (5) days prior to disclosing Confidential Discovery Material to a consulting and/or testifying expert, the Inspecting Party must give notice to the Producing Person and provide the Producing Person with the expert's curriculum vitae. If the Producing Person objects to such disclosure, such party must inform the Inspecting Party within five (5) days of receiving notice and bring an appropriate motion before the Court to prevent such disclosure within fourteen (14) days of receiving notice. Until the Court makes a determination, the Inspecting Party shall withhold disclosing any Confidential Discovery Material to its consulting and/or testifying expert. Prior to disclosing Confidential Discovery Material to a consulting and/or testifying expert, such expert shall be provided with a copy of this Order and sign a sworn statement certifying that the expert agrees to be bound by this Order and will not use any Confidential Discovery Material for any purpose other than in connection with this lawsuit.

11. <u>Filing Confidential Discovery Material With the Court</u>. The Clerk of the Court is directed to maintain under seal all documents filed with the Court and designated as "Confidential" or "Highly Confidential" and to make them available only to the Court, its officers and to counsel for the parties in this proceeding until further order of the Court:

Confidential Discovery Material filed with the Court shall be submitted in an appropriate envelope marked wit a statement substantially in the following form:

> CONFIDENTIAL. This envelope contains confidential information which is subject to the Protective Order entered by the Court in Genlyte Thomas Group LLC v. Architectural Lighting Systems, a division of Arch Lighting Group, Civil Action No. 05-CV-10945 REK, United States District Court, District of Massachusetts, and is not to be opened nor its contents displayed or revealed except by Court order or by written agreement of the parties

12. <u>Photocopies</u>. The Inspecting Party may make and use photocopies of a document designated confidential if such copies are used only for purposes and in manners consistent with this Order and only provided that all such copies are returned to counsel for the Producing Party or destroyed within the time and in the manner provided herein.

13. <u>Challenging Confidentiality Designations</u>. Nothing herein shall preclude any party from challenging before the Court a "Confidential" or "Highly Confidential" designation of any document(s) made by any Producing Person pursuant to the terms of this Order

14. <u>Return or Destruction of Confidential Matter</u>. Within thirty (30) days of final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, or any agreed resolution, all copies of Confidential Discovery Material and any summaries or extracts thereof in the actual or constructive custody and possession of any party except the owner, or counsel for any party except the owner, shall be returned to counsel for the Producing Person by all persons to whom they have been furnished or destroyed and the Inspecting Party shall provide to the Producing Person an affidavit which attests to the destruction of such Confidential Discovery Material.

15. <u>No Effect on Use by Producing Person</u>. This Order has no effect upon, and its scope shall not extend to, any Producing Person's use of its own Confidential Discovery Material.

16. <u>No Disclosure to the Jury</u>. This Order or its existence shall not be offered or admitted into evidence at trial, argued to the jury, or otherwise disclosed to the jury.

17. <u>Modification; No Effect on Discovery Objections</u>. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery it believes to be otherwise improper.

18. <u>Notification of Compelled Disclosure</u>. If another court or administrative agency subpoenas or orders discovery of Confidential Discovery Material that a party has obtained under the terms of this Order, such party shall promptly notify the counsel for the Producing Person of the pendency of such subpoena or order.

19. <u>Counsel to Control Documents</u>. The counsel to the parties are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and, distribution of Confidential Discovery Material. Parties shall not duplicate any Confidential Discovery Material except working copies and copies for filing in court under seal.

20. <u>Survival of Order</u>. After termination of this action, this Order shall continue to be binding on the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

SO ORDERED this _____ day of _____, 2005.

_____
ROBERT E. KEETON
SENIOR U.S. DISTRICT JUDGE

The undersigned hereby stipulate to entry of above Order to be entered by the Court.

| GENLYTE THOMAS GROUP LLC | ARCHITECTURAL LIGHTING SYSTEMS |
|---|---|
| By Its Attorneys,<br>/rjtheuerkauf/<br>James E. Milliman (*pro hac vice*)<br>James R. Higgins, Jr. (*pro hac vice*)<br>Robert J. Theuerkauf (*pro hac vice*)<br>MIDDLETON REUTLINGER<br>2500 Brown & Williamson Tower<br>Louisville KY 40202<br>Telephone: (502) 584-1135<br>Facsimile: (502) 561-0442<br>-and-<br>Thomas C. O'Konski  BBO#337475<br>John L. Capone  BBO#656150<br>CESARI AND MCKENNA, LLP<br>88 Black Falcon Avenue<br>Boston, MA 02210<br>Telephone: (617) 951-2500<br>Facsimile: (617) 951-3927<br>Dated: December 27, 2005 | By Its Attorneys,<br>/bndorny/<br>Brett N. Dorny, BBO# 628977<br>LAW OFFICE OF BRETT N. DORNY<br>321 Church Street<br>Northborough, Massachusetts 01532<br><br>Dated: December 27, 2005 |