UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENLYTE THOMAS GROUP LLC,

    Plaintiff/Counterclaim Defendant,
v.

ARCHITECTURAL LIGHTING SYSTEMS, a division of ARCH LIGHTING GROUP,

    Defendant/Counterclaimant.

Civil Action No. 05-CV-10945 WGY

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE REGARDING EXPERTS**

Defendant, Arch Lighting Group, Inc. ("ALS") submits this memorandum in support of its Motion to In Limine Regarding Experts. ALS has moved the Court to preclude Plaintiff, Genlyte Thomas Group LLC ("Genlyte Thomas") from offering the testimony of Michael E. Tate and Thomas M. Lemons with respect to any motion, hearing or trial in this case. As set forth more fully below, Genlyte Thomas has disregarded and ignored this Court's orders and rules relating to use of expert witnesses. Pursuant to Fed. R. Civ. P. 37(c), the proper sanction for Genlyte Thomas' failure to abide by the rules of this Court is exclusion of the testimony of the expert witnesses. Alternatively, the Court should issue such other orders as necessary to prevent prejudice to ALS due to the late disclosure of the identity and opinions of Genlyte Thomas' experts.

BACKGROUND

Genlyte Thomas has alleged that ALS's MulTMed products infringe U.S. Patent No. 5,038,254 ("the '254 Patent"). Originally, this case was assigned to Judge Keeton. On June 12, 2006, the case was reassigned to Judge Young. In connection with this reassignment, a

1

scheduling conference was held on June 21, 2006. At this conference, the parties agreed to a trial date in January, 2007. In accordance with that agreement, the Court issued a scheduling order on June 21, 2006. The scheduling order provided: "Final Pretrial Conference set for NO SOONER THAN 12/4/2006 Before Judge William G. Young. Jury Trial set for RUNNING TRAIL LIST as of 1/2/2007 before Judge William G. Young. …DISPOSITIVE MOTIONS DUE by November 1, 2006 and DISCOVERY DEADLINE is November 1, 2006."

At the time that the case was reassigned to Judge Young, the parties had already submitted briefs relating to claim interpretation. In connection with those briefs, both parties had submitted declarations from experts in the field of light fixture design as to understanding in the art of various claim terms. Genlyte Thomas submitted declarations from Thomas M. Lemons; ALS submitted declarations from Dr. Ian Lewin. Declaration of Brett N. Dorny ("Dorny Decl.") ¶2 (attached hereto as Exhibit 1). Genlyte Thomas had also requested an opportunity to take the deposition of Dr. Lewin. However, Dr. Lewin was out of the country through June 25, 2006 and his deposition could not be taken at that time. Dorny Decl. ¶3.

After the case was reassigned to Judge Young, a Markman hearing was held on June 30, 2006. At that time, Judge Young interpreted the necessary language of the claims. Dorny Decl. ¶4. In accordance with *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996), the Court interpreted the claims based solely upon the claim language and the language of the patent. It did not utilize the declarations of the experts.

On October 19, 2006, Robert Theuerkauf, counsel for Genlyte Thomas, requested the availability of Dr. Lewin for the deposition which had never been taken. Dorny Decl. ¶5. Counsel for ALS questioned the purpose of the deposition since the Court had already interpreted the claim language and that the time for disclosing experts and producing expert

reports with respect to other issues had past without ALS submitting an expert report from Dr. Lewin. Dorny Decl. ¶6. Mr. Theuerkauf stated that he did not believe that the Court had set a due date for expert reports and that Genlyte Thomas had intended to submit is expert reports on November 1, when discovery closed. Dorny Decl. ¶7. Counsel for ALS further stated that ALS would object to late disclosure of experts and provision of expert reports. *Id.*

Genlyte Thomas proceeded to serve an expert report of William E. Tate, as a financial expert on the issue of patent damages, by Federal Express on October 25, 2006. Dorny Decl. ¶8. An expert report of Thomas M. Lemons was served by email and Federal Express on October 27, 2006. Dorny Decl. ¶9. Among the materials identified in both expert reports as being reviewed by the experts were documents produced by ALS and marked as "Highly Confidential" under the Protective Order. Dorny Decl. ¶¶8, 9. Genlyte Thomas had not notified ALS of the identity of these experts nor its intention to disclose "Highly Confidential" documents to the experts as required by the Protective Order. Dorny Decl. ¶10.

## ARGUMENT

A.  <u>Genlyte Thomas Ignored The Requirements Relating To Experts.</u>

Disclosure of the identities and opinions of persons who are to provide expert testimony is governed by Fed. R. Civ. P. 26(a)(2). Under this rule, parties are to disclose the identity of all persons who may be used at trial to provide expert testimony. For experts specifically retained to provide expert testimony, a written report must also be produced. In accordance with the rule, these disclosures are to be made "at least 90 days before the trial date or the date the case is to be ready for trial," unless otherwise directed by the Court. Fed. R. Civ. P. 26(a)(2)(c). The Court, in the Scheduling Order, did not set any other dates for disclosure of expert information and reports. However, Local Rule 26.4(a) further provides that the Rule 26(a)(2) disclosures in this

3

district are to be made 90 days before the Final Pretrial Conference.  The Scheduling Order did reference a date for the Final Pretrial Conference.

In the present case, counsel for Genlyte Thomas has expressed confusion as to the due dates for the expert reports.  The scheduling order stated that the final pretrial conference would be "NO SOONER THAN 12/4/2006."  ALS understood this as setting a date for the final pretrial conference within the meaning of L.R. 26.4(a).  Thus, expert disclosures were to be made as of September 6, 2006, ninety days beforehand.  Genlyte Thomas, on the other hand, has taken the position that the scheduling order fails to set a specific date for the final pretrial conference and that no date existed for expert disclosures.  However, if L.R. 26.4(a) were not applicable, because the court had not set a date for the Final Pretrial Conference, then the terms of Fed. R. Civ. P. 26(a)(2)(c) remain in effect.  This case has been scheduled for the running trial list for January 2, 2006 and the parties are to be ready for trial on that date.  Thus, pursuant to Fed. R. Civ. P. 26(a)(2)(c), expert disclosures should have been made and expert reports provided on October 4, 2006, ninety days beforehand.

Genlyte Thomas, however, failed to submit its reports by any date as defined by the rules.  Instead, until ALS objected, it intended to disclose its experts on November 1, 2006, when discovery was set to close and dispositive motions were due.  In light of ALS's objection, Genlyte Thomas provided expert reports a few days earlier, but well after the due date.

Furthermore, Genlyte Thomas failed to follow the terms of the Protective Order in this case with respect to disclosure of confidential information to experts.  Section 10 of the Protective Order requires a party to notify a Producing Person that it intends to disclose Confidential Discovery Material, which includes material marked as "Highly Confidential," to a consulting or testifying expert and to provide the expert's curriculum vitae.  This notification is

to occur at least five days prior to disclosing the confidential information to the expert, so that the Producing Person has an opportunity to object to the disclosure. Genlyte Thomas provided confidential discovery materials to both Mr. Tate and Mr. Lemons, as referenced in their respective expert reports, without the required notice to ALS. ALS only learned about the disclosures upon review of the expert reports.

Therefore, Genlyte Thomas has failed to disclose the information required by Fed. R. Civ. P. 26(a)(2) in a timely manner and has failed to follow the Protective Order in disclosing confidential information to persons without prior disclosure to ALS.

B.        <u>Genlyte Thomas Should Be Precluded From Presenting Testimony of Its Experts.</u>

The Court has a wide-ranging power to enforce its rules, including rules relating to case management and disclosure of expert information. *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45-46 (1st Cir. 2002). When a party fails to make expert disclosures at the required time, "the required sanction in the ordinary case is mandatory preclusion." *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001); *See* Fed. R. Civ. P. 37(c) (" (1) A party that without substantial justification fails to disclose information required by Rule 26(a) … is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.") The Court has broad discretion in determining whether a failure to make required disclosures is justified or harmless and whether preclusion is an appropriate sanction. *Jackson v. Harvard Univ.*, 900 F.2d 464, 468-69 (1st Cir. 1990) (court has discretion on sanction to impose); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999) ("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.").

In this case, Genlyte Thomas' failure to make timely disclosures was neither justified nor

harmless. While Genlyte Thomas may have been confused by the scheduling order as to whether a date had been set for the final pretrial conference, that does not excuse its failure to follow the requirements of Fed. R. Civ. P. 26(a)(2)(c). Genlyte Thomas simply decided that it wouldn't disclose the identity of its experts nor provide expert reports until the date that discovery was to close and dispositive motions were due. ALS has not had an opportunity to identify its own experts nor provide reports with respect to contradictory facts, since discovery is now closed and witness and exhibit lists were to have been provided. Furthermore, ALS had minimal time to address any issues raised by the expert report of Mr. Lemons relating to infringement in its motion for summary judgment which had to be filed on November 1.

     Genlyte Thomas has further suggested that ALS has not been harmed by the late disclosure of Mr. Lemons because Genlyte Thomas had submitted declarations from Mr. Lemons in connection with its Markman papers relating to claim interpretation. However, nothing in the claim interpretation papers suggested that Mr. Lemons had any opinions with respect to infringement or the ALS product. Claim interpretation only relates to the meaning of the words of the patent as understood by one of ordinary skill in the art. Furthermore, ALS anticipated that in order to express an opinion with respect to infringement Mr. Lemons would review confidential documents produced by ALS during discovery relating to the accused product. Genlyte Thomas never notified ALS of disclosure of confidential documents to any expert as required by the Protective Order. Thus, ALS had no reason to believe that Genlyte Thomas was consulting with Mr. Lemons with respect to infringement.

     Therefore, since Genlyte Thomas' failure to timely provide the disclosures required by Fed. R. Civ. P. 26(a)(2) was neither justified nor harmless, Mr. Tate and Mr. Lemons should be precluded from testifying with respect to any trial, hearing, or motion in this case.

C.  Alternatively, ALS Should Be Granted A
Reasonable Time To Disclose Contradictory Experts.

If the Court determines that preclusion of the testimony of Genlyte Thomas' experts is too onerous of a sanction for its failure to comply with the court rules, the Court should allow ALS to take appropriate measures to overcome the adverse effects of the late disclosure. Fed. R. Civ. P. 26(a)(2)(c) provides that experts may be later disclosed and reports provided to contradict or rebut evidence set forth in the disclosed expert reports. ALS should be given an opportunity to submit expert reports for such purposes.

CONCLUSION

Genlyte Thomas failed to make the disclosures required by Fed. R. Civ. P. 26(a)(2) in a timely manner. The appropriate sanction is preclusion of Mr. Tate and Mr. Lemons from testifying at any hearing, trial or motion in this case.

Respectfully submitted,

Dated: November 7, 2006

_s/ Brett N. Dorny_____
Brett N. Dorny,  BBO# 628,977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts  01532
508-709-0501
bndorny@dornylaw.com

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 7, 2006.

_s/ Brett N. Dorny_____
Brett N. Dorny

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br><br>      Plaintiff/Counterclaim Defendant,<br>v.<br><br>ARCHITECTURAL LIGHTING SYSTEMS, a division of ARCH LIGHTING GROUP,<br><br>      Defendant/Counterclaimant. | Civil Action No. 05-CV-10945 WGY |

### DECLARATION OF BRETT N. DORNY

I, Brett N. Dorny, hereby declare as follows:

1.  I represent Defendant Arch Lighting Group, Inc. ("ALS") with respect to this matter. I submit this declaration in support of Defendant's Motion In Limine Regarding Experts. Unless indicated otherwise, all statements are made of my own knowledge.

2.  In May and June 2006, ALS submitted two declarations from Dr. Ian Lewin of Lighting Sciences, Inc. in support of its statement on claim interpretation with respect to the patent in suit.

3.  At the end of May, counsel for Plaintiff, Genlyte Thomas Group LLC ("Genlyte Thomas") indicated that he wished to take the deposition of Dr. Lewin and requested dates when Dr. Lewin could be available. Since Dr. Lewin was to be out of the country from June 3 to June 25, the deposition was not scheduled at that time.

4.  A Markman hearing was held on June 30, 2006. The relevant claim language was interpreted at that time. Since the claim language had been interpreted, Dr. Lewin's deposition regarding his declarations on claim interpretation became moot.

5.  On October 19, 2006, Robert Theuerkauf, counsel for Genlyte Thomas, contacted

1

me to request dates for which Dr. Lewin would be available for deposition.

6. I informed Mr. Theuerkauf that I did not believe claim interpretation to be a remaining issue subject to discovery and that Dr. Lewin had not been identified as providing expert testimony on any other issues. Therefore, there was no reason to take his deposition.

7. I further informed Mr. Theuerkauf that I had never received any expert designations nor expert reports from Genlyte Thomas and that the due date for those items was long past. He told me that Genlyte Thomas was unaware of a due date and intended to supply expert reports when discovery closed on November 1, 2006. I further informed Mr. Theuerkauf that ALS would object to the identification of experts and provision of expert reports as being late.

8. On October 26, 2006, I received, by Federal Express, the expert report of Michael E. Tate relating to damages from the alleged infringement. The expert report identified the documents reviewed by Mr. Tate in forming his opinions, including numerous documents produced by ALS which were marked as "Highly Confidential" under the Protective Order in this case.

9. Late on Friday, October 27, 2006, I received an email from Mr. Theuerkauf with a copy of the expert report of Thomas M. Lemons. The exhibits accompanying the report were received on October 30, 2006. The expert report identified several documents reviewed by Mr. Lemons which were produced by ALS and marked as "Highly Confidential" under the Protective Order in this case.

10. Genlyte Thomas never identified either Mr. Tate or Mr. Lemons as experts who were to receive "Highly Confidential" documents and information under the Protective Order.

3

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 7th day of November, 2006.

                                                  _s/  Brett N. Dorny_____
                                                  Brett N. Dorny