UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC, a Delaware Limited Liability Company<br>Plaintiff,<br><br>v.<br><br>ARCHITECTURAL LIGHTING SYSTEMS, a division of ARCH LIGHTING GROUP, a Rhode Island Corporation<br><br>Defendant. | Civil Action No. 05-CV-10945 WGY |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE DEFENDANT'S EXPERT EVIDENCE

Plaintiff, Genlyte Thomas Group LLC ("Genlyte"), by counsel, submits this Memorandum in Support of its Motion in Limine to Exclude Defendant's Experts and states:

INTRODUCTION

Trial in this matter is set to commence on January 2, 2007. Despite this impending trial date, the Defendant, Arch Lighting Group ("ALS") served for the first time on December 22, 2006 (after 5:00 p.m. the Friday before the holiday weekend), an expert report of Dr. Ian Lewin relating to ALS' defense of non-infringement ("Lewin's Non-infringement Report"). Further, on that same day, ALS served a "Notice of Experts" stating for the first time that it also intended to provide expert testimony through ALS' President and owner, Scott Davis. (ALS' Notice of Experts, attached hereto as Exhibit 1). However, ALS did not provide an expert report of Scott Davis.

ALS' actions are extremely prejudicial to Genlyte. If Dr. Lewin is allowed to testify, ALS' decision to wait until 10 days prior to the commencement of this trial to serve Lewin's Non-infringement Report does not allow Genlyte time to properly prepare

its case for trial. Likewise, ALS' failure to notify Genlyte, until December 22, 2006, of its intention to provide expert testimony through Mr. Davis and ALS' failure to provide an expert report by Mr. Davis does not allow Genlyte to adequately prepare for trial.

ALS' actions are nothing short of a "sneak attack" and, if allowed to stand, put Genlyte in a position such that it will be at a disadvantage at trial. Therefore, the Federal Rules of Civil Procedure and case law give this Court the ability to prevent such an injustice by precluding ALS from introducing its expert evidence. Consequently, Genlyte respectfully requests this Court to preclude from trial in this action Lewin's Non-infringement Report, any testimony of Dr. Lewin relating to non-infringement and any expert testimony from Mr. Davis.

## ARGUMENT

Federal Rule of Civil Procedure 26(a)(2)(A) requires that "a party shall disclose to other parties the identity of any person who may be used at trial to present [expert testimony]." Further, Rule 26 requires that a party retaining an expert must disclose to the opposing party a report detailing the expert's qualifications, opinions and the sources of information underlying the expert's opinion. Fed.R.Civ.P. 26(a)(2)(B). Finally, such rules require the disclosures to be timely made so that the party making such disclosures does not gain an "unfair tactical advantage." *Lohnes v. Level 3 Comm., Inc.*, 272 F.3d 49, 60 (1st Cir. 2001).

In the event the party making such a disclosure fails to comply with Rule 26, the Court in its discretion may pursuant to Fed.R.Civ.P. 37 preclude the expert from testifying at trial. *Id.* The only basis for allowing belatedly proffered expert evidence is

if the proponent's failures were either substantially justified or harmless. Fed.R.Civ.P. Rule 37(c)(1); *Lohnes*, 272 F.3d at 60.

    I.    THE TIMING OF ALS' EXPERT DISCLOSURES HARMS GENLYTE AND GIVES ALS AN UNFAIR TACTICAL ADVANTAGE

Genlyte served its expert reports on October 24 and 27, 2006[1]. The discovery deadline in this case was November 1, 2006. The final pre-trial conference was held on December 11, 2006. The trial in this case is set to commence on January 2, 2007. Despite all of these dates and deadlines, ALS decided not to disclose Lewin's Non-infringement Report until December 22, 2006 – 11 days after the final pretrial conference and only 10 days prior to the scheduled trial date. Further, not until that same day did ALS identify Mr. Davis as an expert witness. Moreover, ALS has failed to provide an expert report by Mr. Davis as required by Rule 26.

The First Circuit recognizes the federal courts' "desire to 'make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992) (other citations omitted). And, in recognizing the importance of pretrial disclosures of expert testimony, the *Thibeault* court stated:

> In the arena of expert discovery – a setting which often involves complex factual inquiries – Rule 26 increases the quality of trials by better preparing attorneys for cross-examination, minimizing surprise, and supplying a helpful focus for the court's supervision of the judicial process. In short, Rule 26 promotes fairness both in the discovery process and at trial. For Rule 26 to play its proper part in this salutary scheme, discovery must not be allowed to degenerate into a game of cat and mouse.

*Id.*

---

[1] Genlyte has subsequently supplemented its expert reports based upon information produced by ALS after the discovery period had closed.

It is an understatement to say that such late disclosure by ALS destroys the concept of "fairness" that the civil rules promote. Because Genlyte only received Lewin's Non-infringement report 10 days prior to trial and has yet to receive an expert report by Mr. Davis, there is very little time in which Genlyte can adequately prepare for a cross-examination of Dr. Lewin or prepare at all for the supposed expert testimony of Mr. Davis. Moreover, there is no time for Genlyte to depose Mr. Davis relating to his expert testimony. Consequently, if ALS' expert evidence is allowed to be offered at trial, Genlyte will be prejudiced in that ALS will have gained an unfair tactical advantage.

II.     ALS' DISCLOSURE OF ITS EXPERT EVIDENCE ON THE EVE OF TRIAL IS CANNOT BE SUBSTANTIALLY JUSTIFIED

There is no justification for ALS' decision to withhold serving or identifying its expert evidence until 10 days prior to the trial. The only possible excuse by ALS is that it was waiting to see if the Court was going to grant its motion to exclude Genlyte's expert evidence. This is not a justification.

ALS previously attempted to exclude Genlyte's expert evidence despite the fact that Genlyte submitted such evidence prior to the close of discovery and more than 6 weeks prior to the final pre-trial conference. And, instead of identifying its own experts and providing expert reports while its motion was pending, <u>ALS decided to do nothing</u>. On December 11, 2006, the Court during the final pre-trial conference denied ALS' motion. Thereafter, ALS informed counsel for Genlyte that it was going to provide a report by Dr.

Lewin during the early part of the week of December 18, 2006[2]. Nonetheless, Genlyte did not receive Lewin's Non-infringement Report until 11 days after the final pretrial conference, on December 22, 2006.

ALS is playing a game of "cat and mouse" by making the conscious decision not to submit Lewin's Non-infringement Report or identify Mr. Davis as a potential expert witness until December 22, 2006 -- 10 days prior to the trial. ALS could have served its expert evidence while awaiting the Court's ruling, and had every opportunity to do just that, but instead chose not to disclose any expert evidence. This is exactly the kind of "cat and mouse" game that the civil rules intend to prevent. Consequently, ALS has no justifiable basis for having withheld its expert evidence until the eve of trial and, consequently, such evidence should be precluded.

## CONCLUSION

ALS waited until 10 days prior to the trial in which to serve Lewin's Non-infringement Report or identify Mr. Davis as a possible expert. Moreover, ALS has failed to disclose an expert report by Mr. Davis in accordance with Fed.R.Civ.P. 26. There is no justification for ALS' actions and the extremely late disclosures will prejudice Genlyte at trial and give ALS an unfair tactical advantage. Consequently, Genlyte respectfully requests the Court to preclude ALS' expert evidence from being introduced at trial.

---

[2] Upon learning of ALS' intention to serve an expert report by Dr. Lewin early in the week of December 18th, Genlyte requested the deposition of Dr. Lewin, but reserved the right to object to ALS' failure to timely serve its expert report. The parties agreed that his deposition would be conducted on December 27,

Respectfully submitted,

/s/ Thomas C. O'Konski
James E. Milliman (Pro hac vice)
James R. Higgins, Jr. (Pro hac vice)
Robert J. Theuerkauf (Pro hac vice)
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville KY  40202
Telephone:  (502) 584-1135
Facsimile:  (502) 561-0442

-and-

Thomas C. O'Konski  BBO#337475
John L. Capone  BBO#656150
CESARI AND MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA  02210
Telephone:  (617) 951-2500
Facsimile:  (617) 951-3927

*Counsel for Plaintiff, Genlyte Thomas Group LLC*

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 26 day of December, 2006.

/s/ Thomas C. O'Konski
*Counsel for Plaintiff, Genlyte Thomas Group LLC*

---

2006.  Consequently, ALS' failure to serve Lewin's Non-infringement Report until December 22, 2006, the Friday before the holiday weekend, further hinders Genlyte's ability to adequately depose Dr. Lewin.

# EXHIBIT 1
## TO MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXPERT EVIDENCE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENLYTE THOMAS GROUP LLC,

        Plaintiff/Counterclaim Defendant,

v.

ARCHITECTURAL LIGHTING SYSTEMS, a
division of ARCH LIGHTING GROUP,

        Defendant/Counterclaimant.

Civil Action No. 05-CV-10945 WGY

### DEFENDANT'S NOTICE OF EXPERTS

Pursuant to the Rule 26(a)(2), Fed. R. Civ. P., Defendant Arch Lighting Group, Inc., hereby identifies the following persons whom may be used to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence:

1. Dr. Ian Lewin; and
2. Scott A. Davis.

An electronic copy of the Statement of Ian Lewin accompanies the electronic copy of this notice.

Respectfully submitted,

Dated: December 9, 2006

Brett N. Dorny, BBO# 628,977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts 01532
508-709-0501
bndorny@dornylaw.com

Attorney for Defendant

1

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Defendant's Notice of Experts upon counsel for Plaintiff by first class mail, postage prepaid, and by email (.pdf) on December 22, 2006 at the following addresses:

Thomas C. O'Konski, Esquire
John L. Capone, Esquire
Cesari and McKenna, LLP
88 Black Falcon Avenue
Boston, MA 02210

James E. Milliman, Esquire
James R. Higgins, Jr, Esquire
Robert J. Theuerkauf, Esquire
Middleton Reutlinger
2500 Brown & Williamson Tower
Louisville, KY 40202

_____
Brett N. Dorny