UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br>v.<br><br>ARCHITECTURAL LIGHTING SYSTEMS, a division of ARCH LIGHTING GROUP,<br><br>    Defendant/Counterclaimant. | Civil Action No. 05-CV-10945 WGY |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXPERT EVIDENCE**

Defendant, Arch Lighting Group, Inc. ("ALS") hereby opposes the motion of Plaintiff, Genlyte Thomas Group LLC ("Genlyte Thomas"), in Limine to Exclude Defendant's Expert Evidence. Genlyte Thomas asserts that the testimony of Defendant's technical expert, Dr. Ian Lewin, should be excluded as being untimely disclosed and prejudicial to Genlyte Thomas.[1] However, the facts in this case do not support Genlyte Thomas's position. Genlyte Thomas has been aware of ALS's technical expert and ALS's intention to proffer his testimony for months. While Dr. Lewin's formal expert report was recently supplied, his opinions are the same as those presented in connection with ALS's Motion for Summary Judgment and Genlyte Thomas has had the opportunity to depose Dr. Lewin. Accordingly, Genlyte Thomas's Motion in Limine with respect to the testimony of Dr. Lewin should be denied.

---

[1] ALS had also identified its president, Scott Davis, as potentially providing testimony based upon technical or scientific knowledge. The Court has already granted Genlyte Thomas's Motion in Limine with respect to Mr. Davis. Therefore, that portion of the motion is not addressed here.

BACKGROUND

In connection with the Markman hearing in this case, both parties submitted statements of experts in the field of in light fixture design on the meaning of the claims of the patent in suit. On October 19, 2006, Robert Theuerkauf, counsel for Genlyte Thomas, requested the availability of Dr. Ian Lewin, ALS's expert, for a deposition which had not been taken at the time of the Markman hearing.  Counsel for ALS questioned the purpose of the deposition since the Court had already interpreted the claim language and that the time for disclosing experts and producing expert reports with respect to other issues had past without ALS submitting an expert report from Dr. Lewin.  Mr. Theuerkauf stated that he did not believe that the Court had set a due date for expert reports and that Genlyte Thomas had intended to submit is expert reports on November 1, when discovery closed.  Counsel for ALS further stated that ALS would object to late disclosure of experts and provision of expert reports.  Notwithstanding the close of discovery on November 1, 2006, Genlyte Thomas served an expert report of Michael E. Tate, a financial expert, on October 25 and an expert report of Thomas M. Lemons, a technical expert, by email and Federal Express on October 27, 2006.

In light of the late designation of experts and provision of expert reports by Genlyte Thomas, ALS filed a Motion in Limine with respect to Genlyte Thomas's experts on November 7, 2006.  As an alternative to exclusion of Genlyte Thomas's experts, ALS requested leave of court to take the deposition of Genlyte Thomas's experts despite the close of discovery and to make an untimely designation of its own experts   On November 2, 2006, ALS served a witness list as required by Fed. R. Civ. P. 26(a)(3) and L.R. 16.5(c).  ALS identified Dr. Ian Lewin on its witness list conditioned upon leave of court as set forth in ALS's Motion in Limine.  Dr. Ian Lewin was also identified as a witness in the Joint Pretrial Memorandum.

At the Final Pretrial Conference on December 11, 2006, the parties raised the issue of ALS's pending Motion in Limine. While the Court did not rule on the motion, Judge Young indicated that he would not exclude expert testimony solely based upon timeliness of the disclosures. In light of Judge Young's statement, the parties scheduled the depositions of Genlyte Thomas's experts and Dr. Lewin. ALS agreed to provide an expert report from Dr. Lewin as soon as it was completed. Following the Final Pretrial Conference on December 11, 2006, Genlyte Thomas also served a supplemental report from its technical expert. ALS provided the expert report by email as soon as it was received from Dr. Lewin on December 22, 2006. Genlyte Thomas deposed Dr. Lewin on December 27, 2006 per the parties agreed schedule. Furthermore, Dr. Lewin's opinions and expert report are consistent with the assertions of ALS in its Motion for Summary Judgment of Non-infringement filed on November 1, 2006.

ARGUMENT

A.    The Timing of Dr. Lewin's Report was justified and will not prejudice Genlyte Thomas.

Genlyte Thomas seeks an order preventing Dr. Ian Lewin from testifying at the trial in this matter allegedly because Dr. Lewin's expert report was received after 5 pm[2] only 10 days before trial.[3] Fed. R. Civ. P. 26(a)(2)(c) and L.R. 26.4(a) provide timing for disclosure of experts and provision of expert reports. If the requirements of these rules are not complied with, the testimony of the experts may be excluded, unless the failure to do so is justified and/or harmless. Fed. R. Civ. P. 37(c); *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). While

---

[2] The expert report was sent by email upon receipt from Dr. Lewin at 5:12 pm Eastern time on December 22, 2006. Of course, counsel for Genlyte Thomas are located in Lexington, Kentucky, where it was only 4:12 pm.

[3] This case was second on the trial calendar for January 2, 2007. The other case has proceeded with trial, so that this case will not be tried for at least one to two additional weeks. Thus, the expert report was not provided only 10 days before the actual start of trial.

ALS acknowledges that the expert report of Dr. Lewin was not timely provided pursuant to the rules, the delay was justified and harmless.

Genlyte Thomas was aware of Dr. Lewin, his credentials, his opinions, and this engagement by ALS long before the expert designation and expert report of December 22, 2006. ALS had submitted expert statements from Dr. Lewin regarding claim interpretation in connection with the Markman hearing in June 2006. Dr. Lewin was engaged by Kenall Manufacturing Company in another patent infringement lawsuit with Genlyte Thomas on the same patent. Genlyte Thomas deposed Dr. Lewin in that case. The issue of expert designations and reports first arose between the parties in connection with a request by counsel for Genlyte Thomas to schedule a deposition of Dr. Lewin. Therefore, Genlyte Thomas was well informed of Dr. Lewin. Furthermore, Genlyte Thomas has had the opportunity to depose Dr. Lewin with respect to his expert report and his opinions.

Any untimeliness of the expert report of Dr. Lewin was the result of Genlyte Thomas's own failure to comply with the rules regarding disclosure of experts. Genlyte Thomas provided an untimely expert report of Thomas M. Lemons on October 27, 2006. In response to that report, ALS filed a Motion in Limine. As an alternative to exclusion of the testimony of Mr. Lemons, ALS requested leave of court to take the deposition of Mr. Lemons despite the close of discovery and to provide an expert report despite also being untimely. In light of ALS's alternative request, Dr. Lewin was identified on ALS's witness list and identified as a trial witness in the Joint Pretrial Statement filed by the parties. The Court has never formally acted upon ALS's limine motion. However, based upon comments by Judge Young at the Final Pretrial Conference, the parties agreed to depositions of Mr. Lemons and Dr. Lewin and ALS agreed to provide Dr. Lewin's expert report as soon as it was completed. Genlyte Thomas

4

further served a supplemental expert report of Mr. Lemons on December 11, 2006. Dr. Lewin's testimony is rebuttal to the opinions expressed in the untimely expert reports of Mr. Lemons. It could not be provided earlier and was further delayed by the supplemental expert report served by Genlyte Thomas.

Finally, on November 1, 2006, ALS filed a Motion for Summary Judgment with respect to infringement. While Dr. Lewin did not provide evidence with respect to that motion, Dr. Lewin's opinions, as express in his expert report, are consistent with the facts presented and positioned taken by ALS in that motion. Thus, Genlyte Thomas knew of the issues and facts relating to this action, including the nature of the opinions espoused by Dr. Lewin, well in advance of trial.

The rules regarding expert disclosure are intended "to facilitate a 'fair contest with the basic issues and facts disclosed to the fullest practical extent.'" *Lohnes*, 272 F.3d at 60. (quoting *Thibeault v. Square D. Co.*, 960 F.2d 239, 244 (1st Cir. 1992)). Therefore, a court may "admit belatedly proffered expert evidence if the proponent's failure to reveal it was either substantially justified or harmless." *Id.* As Genlyte Thomas noted in opposing ALS's Motion in Limine, the expert disclosure rules "seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and thereby potentially deprive a plaintiff of the opportunity to 'depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery.'" *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (quoting *Lohnes*, 272 F.3d at 60.) In the present case, ALS has not sought an unfair technical advantage nor deprived Genlyte Thomas of any opportunities of expert discovery. Genlyte Thomas was informed of Dr. Lewin and his opinions. Genlyte Thomas has its own technical expert – whose late expert report was the impetus for Dr. Lewin's report. Genlyte

Thomas has deposed Dr. Lewin.  Accordingly, Dr. Lewin should not be precluded from testifying.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine to exclude Defendant's Expert Evidence should be denied with respect to Dr. Ian Lewin.

Respectfully submitted,

Dated:  January 5, 2007

_s/ Brett N. Dorny_____
Brett N. Dorny,  BBO# 628,977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts  01532
508-709-0501
bndorny@dornylaw.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 5, 2007.

_s/ Brett N. Dorny_____
Brett N. Dorny