UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENLYTE THOMAS GROUP LLC,
a Delaware Limited Liability Company
                    Plaintiff,

v.

                                                            Civil Action No. 05-CV-10945 WGY

ARCHITECTURAL LIGHTING SYSTEMS,
a division of ARCH LIGHTING GROUP, a
Rhode Island Corporation

                    Defendant.

---

## PLAINTIFF'S MOTION IN LIMINE
## TO EXCLUDE TESTIMONY REGARDING
## PLAINTIFF'S COMMERCIAL EMBODIMENT OF U.S. PATENT No. 5,238,254

Plaintiff, Genlyte Thomas Group LLC ("Genlyte"), by counsel, submits this

Motion in Limine to exclude at the trial of this cause, any and all testimony regarding or

relating to Genlyte's commercial embodiment of the patent-in-suit, U.S. Patent No.

5,238,254 ("the '254 Patent"), namely Genlyte's MD*4 and MD Coffer luminaries.

As grounds for this motion, Genlyte states that the papers of Defendant indicate

that it will attempt to show it does not infringe the '254 Patent by reference to the design

of Genlyte's commercial embodiments produced under the '254 Patent, particularly the

MD*4. However, Federal Circuit precedent establishes that, for infringement analysis, it

is improper to compare the accused device to the patent holder's commercial

embodiment. *See e.g., Amgen, Inc. v. Hoescht Marion Roussel, Inc.*, 314 F.3d 1313,

1347 (Fed. Cir. 2003)("cardinal principle that the accused device must be compared to

the claims rather than to a preferred or commercial embodiment"); *Allen Eng. Corp. v.

Bartell Indus., Inc.*, 299 F.3d 1336, 1351 (Fed. Cir. 2002)("Infringement is determined by

comparing the accused devices not with products made by the patentee but with the

claims of the patent as properly construed"); *Johnson & Johnson Assoc., Inc. v. R.E. Service Co., Inc.*, 285 F.3d 1046 (Fed. Cir. *en banc* 2002)("The law of infringement compares the accused product with the claims as construed by the court. Infringement, either literally or under the doctrine of equivalents, does not arise by comparing the accused product 'with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee'", citing *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121); and *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 ("it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent").

Thus, a motion in limine precluding testimony relating to Genlyte's commercial products made under the '254 Patent is warranted.

Respectfully submitted,


/s/ Kevin Gannon
James E. Milliman (Pro hac vice)
James R. Higgins, Jr. (Pro hac vice)
Robert J. Theuerkauf (Pro hac vice)
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville KY  40202
Telephone:  (502) 584-1135
Facsimile:  (502) 561-0442

-and-

Thomas C. O'Konski  BBO#337475
Kevin Gannon  BBO#640931
CESARI AND MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA  02210
Telephone:  (617) 951-2500
Facsimile:  (617) 951-3927

*Counsel for Plaintiff, Genlyte Thomas Group LLC*

<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 19th day of January, 2007.

/s/ Kevin Gannon
*Counsel for Plaintiff, Genlyte Thomas Group LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GENLYTE THOMAS GROUP LLC,
a Delaware Limited Liability Company
　　　　　　　Plaintiff,

v.

ARCHITECTURAL LIGHTING SYSTEMS,
a division of ARCH LIGHTING GROUP, a
Rhode Island Corporation

　　　　　　　Defendant.

Civil Action No. 05-CV-10945 WGY

*Order Granting*
**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY**
**REGARDING COMMERCIAL EMBODIMENTS OF U.S. PATENT NO. 5,238,254**

On motion of Plaintiff, Genlyte Thomas Group LLC ("Genlyte") to exclude at the trial of this cause, any and all testimony regarding or relating to commercial embodiments made or sold by Genlyte under the patent-in-suit, U.S. Patent No. 5,238,254 ("the '254 Patent"), and the Court having considered said motion and any response thereto, and after reviewing the Record in this case, and being sufficiently advised,

IT IS ORDERED that Plaintiff's motion is granted.  IT IS FURTHER ORDERED that no testimony may be proffered, adduced or accepted relating to any commercial embodiment of the '254 Patent, including but not limited to Genlyte's MD*4 and MD Coffer products.

SO ORDERED THIS ___ DAY OF JANUARY, 2007.

_____
U.S. District Judge

TENDERED BY:


/s/ Kevin Gannon
James E. Milliman (Pro hac vice)
James R. Higgins, Jr. (Pro hac vice)
Robert J. Theuerkauf (Pro hac vice)
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville KY  40202
Telephone:  (502) 584-1135
Facsimile:  (502) 561-0442

-and-

Thomas C. O'Konski  BBO#337475
Kevin Gannon  BBO#640931
CESARI AND MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA  02210
Telephone:  (617) 951-2500
Facsimile:  (617) 951-3927

*Counsel for Plaintiff,*
*Genlyte Thomas Group LLC*