UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br><br>　　　　Plaintiff/Counterclaim Defendant,<br>　v.<br><br>ARCHITECTURAL LIGHTING SYSTEMS, a division of ARCH LIGHTING GROUP,<br><br>　　　　Defendant/Counterclaimant. | Civil Action No. 05-CV-10945 WGY |

**DEFENDANT'S MOTIONS IN LIMINE REGARDING CLAIM TESTIMONY**

　　Defendant, Arch Lighting Group, Inc. ("ALS") hereby submits this Motion in Limine to exclude at trial any and all testimony regarding the meaning of the claims of the patent in suit. In its Trial Brief filed January 20, 2007, Genlyte indicated that it intends to proffer testimony of the inventors of the '254 Patent with respect to the history and technology of the patent in connection with interpretation of the claim. Such testimony should be excluded because it is irrelevant and would be prejudicial to ALS. Therefore, the testimony should be excluded.

　　A determination of patent infringement is a two step process. First, the Court must determine the meaning of the claims. *Markman v. Westview Inst. Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995)(en banc), aff'd 517 U.S. 370 (1996). Claim interpretation is a legal question to be decided by the Court. *Id.* at 977. In this case, the Court held a Markman hearing regarding interpretation of the claims of the '254 Patent on June 30, 2006. In preparation for that hearing, the parties discussed the claims and the language which required interpretation. The parties each filed an opening statement, a response to the other party's statement, and a Joint Claim Statement on interpretation. The Court interpreted the disputed language at the hearing. Genlyte did not

object to that interpretation. The Court also considered ALS's Motion for Summary Judgment of Non-infringement based upon the claim interpretation without objection by Genlyte. Now, Genlyte appears to object to the claim interpretation, without indicating what its objections are.

In its Trial Brief, Genlyte cites several cases which indicate that the Court may reinterpret its claim interpretation as its understanding of the technology evolves. However, these cases are not relevant to the present case. *Conoco, Inc. v. Energy & Environ. Int'l*, 460 F.3d 1359 (Fed. Cir. 2006) related to a bench trial in which the Court reconsidered its claim interpretation after trial. Both *Guttmann, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352 (Fed. Cir. 2002) and *Sofamor Danek Group, Inc. v. Depuy-Motech, Inc.*, 74 F.3d 1216 (Fed. Cir. 1996) related to claim interpretations in connection with a preliminary injunction motion. The Federal Circuit in both cases held that the Court was not bound by an interpretation made at the preliminary stage. None of the cases cited by Genlyte relate to a jury trial nor the presentation of testimony regarding claim interpretation at a jury trial.

The proffered testimony of the inventors is irrelevant and would be prejudicial. As noted above, claim interpretation is a legal issue for the Court. *Markman v. Westview Inst. Inc.*, 52 F.3d at 977. Any testimony regarding claim interpretation is irrelevant to the jury. Additionally, the jury could be confused if the testimony were to contradict the Court's interpretation of the claims. Furthermore, the testimony of the inventors with respect to claim interpretation is unnecessary and improper. The Court is to rely upon the intrinsic evidence – claim language, specification, and prosecution history – to interpret the claims. *Vitronics Corp. v. Conceptronics Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (improper to consider extrinsic evidence if intrinsic evidence resolves any ambiguity in disputed claim terms). In this case, the Court has already interpreted the claim based upon the intrinsic evidence. Genlyte has provided no basis for

concluding that the intrinsic evidence is insufficient. Therefore, any extrinsic evidence, including testimony from the inventors, is not to be considered.

## CONCLUSION

For the reasons set forth above, ALS's Motion in Limine should be granted and testimony of the inventors of the '254 Patent relating to claim interpretation should be excluded.

Respectfully submitted,

Dated: January 21, 2007

_s/ Brett N. Dorny_____
Brett N. Dorny, BBO# 628,977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts 01532
508-709-0501
bndorny@dornylaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by facsimile to those indicated as non-registered participants on January 21, 2007.

_s/ Brett N. Dorny_____
Brett N. Dorny