**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSSETTS**

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ARCH LIGHTING GROUP, INC. d/b/a<br>ARCHITECTURAL LIGHTING SYSTEMS<br><br>        Defendant. | Civil Action No. 05-CV-10945-WGY |

**PLAINTIFF'S MOTION FOR JUDGMENT AND PERMANENT INJUNCTION**

    Plaintiff, Genlyte Thomas Group LLC ("Genlyte"), by counsel, moves the Court to enter the attached proposed Judgment and Permanent Injunction. As grounds for this motion, Genlyte respectfully shows the Court:

    1.    This cause was tried to a Jury from January 22 up to and including January 31, 2007. Following deliberation, on February 1, 2007 the Jury returned a verdict, finding that certain products of Defendant Arch Lighting Group, Inc. by and through its Architectural Lighting Systems division ("ALS") infringed Genlyte's patent-in-suit, U.S. Patent No. 5,038,254 ("the '254 Patent"), as follows:

    (a)    ALS' MulTmed 2x4 product MT2A infringed Claim 1 and 3 of the '254 Patent under the doctrine of equivalents;

    (b)    ALS' MulTmed 2x4 product MT2B infringed Claim 1 and 3 of the '254 Patent under the doctrine of equivalents; and

    (c)    ALS' MulTmed 2x2 product MT1D literally infringed Claim 1 of the '254 Patent.

2.  While the jury was deliberating, on January 31, 2007, the Court held a hearing on whether or not a permanent injunction should issue under the guidelines enunciated by the Supreme Court in *eBay, Inc. v. Mercexhange, LLC*, ___ U.S. ___, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006); *see* particularly 126 S.Ct. at 1839, discussing the "four-factor test." At the conclusion of such hearing, after discussing the four factors this Court ruled that a permanent injunction would issue if the jury found infringement. *See*, Trial Transcript, p. 748. The jury having now found infringement as stated above, this Court must now consider the scope of injunction to be granted.

Injunctions in patent cases are governed by 35 U.S.C. § 283, which provides:

> The several courts having jurisdiction of cases under this title may grant injunctions to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable.

Genlyte suggests that the key phrase is "to prevent the violation of *any* right secured by patent." The rights granted by a United States Patent are set forth in 35 U.S.C. § 154, and include the exclusive right to make, use, sell, offer to sell and import into the United States, any item covered by one or more claims of a patent. Thus, Genlyte suggests that any permanent injunction issued by this Court should accommodate all of the exclusive rights set for in Section 154 of the Patent Code. The injunction proposed by Genlyte does, in fact, accommodate all such rights.

3.  In addition, the proposed Judgment seeks an Accounting from ALS for sales of infringing MT2A, MT2B and MT1D products after September 30, 2006. The Court will recall that Michael Tate's damages calculations were based only on sales of ALS products through September 30, 2006. Therefore, pursuant to Demands C and D in the Prayer for Relief in the Complaint, Genlyte requests that the Court order ALS to account for sales of MT2A, MT2B and MT1D

MulTmed patient room lights since September 30, 2006 up to and including the day Judgment is entered by this Court, and to order ALS to pay as additional damages to Genlyte the amount of $67.00 per product (*see* Paragraph 12 of Affidavit of Michael Tate filed contemporaneously herewith).

      4.      Finally, the proposed Judgment and Permanent Injunction attached hereto, contains a paragraph (¶ 7[a]) which orders ALS to gather up and destroy its inventory of MT2A, MT2B and MT1 products, except for those which are needed to fulfill orders on which there is a legally binding contract, as set forth in Paragraph 8 of the proposed judgment. As the Court knows, impoundment is a common remedy in intellectual property cases, and authority for such an order in patent cases is found in the very language of § 283 itself ("on such terms as the court deems just").

## CONCLUSION

For the foregoing reasons and under the cited statutes Genlyte requests this Court enter the attached [Proposed] Judgment and Permanent Injunction.

        Respectfully submitted,

        GENLYTE THOMAS GROUP LLC

        By Its Attorneys,

        /s/ Kevin Gannon
        James E. Milliman (Pro hac vice)
        James R. Higgins, Jr. (Pro hac vice)
        Robert J. Theuerkauf (Pro hac vice)
        MIDDLETON REUTLINGER
        2500 Brown & Williamson Tower
        Louisville KY  40202
        Telephone:  (502) 584-1135
        Facsimile:  (502) 561-0442

-and-

        Thomas C. O'Konski BBO#378265
        Kevin Gannon BBO#640931
        Cesari and McKenna, LLP
        88 Black Falcon Avenue
        Boston, MA  02210
        Telephone:  (617) 951-2500
        Facsimile:  (617) 951-3927

        Dated:  February 4, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, if any, on this 4th day of February, 2007.

      /s/ Kevin Gannon

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSSETTS**

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ARCH LIGHTING GROUP, INC. d/b/a<br>ARCHITECTURAL LIGHTING SYSTEMS<br><br>        Defendant. | Civil Action No. 05-CV-10945-WGY |

**[PLAINTIFF'S PROPOSED] FINAL JUDGMENT AND**
**PERMANENT INJUNCTION FOLLOWING TRIAL TO JURY AND VERDICT**

Trial having been held before a jury and concluded on February 1, 2007, the parties having been heard, and the jury having returned its verdict that Defendant Arch Lighting Group, Inc. d/b/a Architectural Lighting Systems ("ALS") infringed the patent-in-suit, U.S. Patent No. 5,038,254 ("the '254 Patent") as follows:

1. ALS' MulTmed 2x4 product MT2A infringed Claim 1 and 3 of the '254 Patent under the doctrine of equivalents;

2. ALS' MulTmed 2x4 product MT2B infringed Claim 1 and 3 of the '254 Patent under the doctrine of equivalents;

3. ALS' MulTmed 2x2 product MT1D literally infringed Claim 1 of the '254 Patent; and

4. That the amount of damages suffered by Genlyte as a result of such infringement was $207,554.00.

The jury having returned its verdict and other determinations having been made during the course of this case, and the Court having considered the entire Record of this cause and having heard argument of counsel and being sufficiently advised,

It is ORDERED AND ADJUDGED,

1. That U.S. Patent No. 5,038,254 is not invalid and is not unenforceable;

2. That Defendant, ALS, be and hereby it is adjudicated as liable for infringement of the '254 Patent, as found by the Jury;

3. That Genlyte shall recover of and from Defendant, ALS, the sum of $207,554.00 plus pre-judgment interest on said sum in the amount of $ 30,089 as set forth in Paragraph 12 of the Affidavit of Michael Tate dated February 5, 2007 filed contemporaneously herewith;

4. That within 30 days of the date of entry hereof ALS provide a certified accounting to Genlyte of all sales of MT2A, MT2B and MT1D MulTmed hospital patient room lights from September 30, 2006 to the date hereof, and with such accounting ALS shall pay to Genlyte as additional damages the sum of $67.00 per product sold.

5. That ALS, its officers, directors, employees, agents and attorneys, and all persons acting in concert with any of them, are permanently enjoined and prohibited from making, using, selling, offering for sale or importing into the United States the patented inventions recited in Claim 1 and Claim 3 of the '254 Patent, and from active inducement of infringement of these claims of the '254 Patent.

6. That the injunction set forth in Paragraph 5 shall include the mandatory injunction and requirement that ALS forthwith cease and desist from

[a] making or selling or offering to sell in any fashion the following products, MT2A (2x4 product with reading, ambient and examination lights), MT2B (2x4 product with reading, ambient, examination lights and nurse's night light) and MT1D (2x2 product with reading and

2

ambient lights) or any product having structure similar thereto which would infringe Claim 1 or Claim 3 of the '254 Patent;

[b] providing or offering to provide the Brochure denominated as Exhibit 20 during trial of this cause, which Brochure/Exhibit 20 includes depictions and/or descriptions of the MulTmed 2x4 and certain 2x2 products;

[c] maintaining on its website the Power Point presentation set forth in Exhibit 21 during trial of this cause;

[d] advertising in any manner the MT2A, MT2B or MT1D products as being available for sale or use or import into the United States; and

[e] modifying any other product including but not limited to the ALS Latitude patient bed light (the present structure of which was depicted in Exhibit 34 at trial of this cause) to contain any structure that would infringe Claim 1 or Claim 3 of the '254 Patent.

7.  That the injunction set forth in Paragraph 5 shall further include the mandatory injunction and requirement that ALS [a] gather up and destroy all inventory of MT2A MulTmed 2x4 products, MT2B 2x4 products and MT1D 2x2 products, and certify such destruction to the Court and to Genlyte within thirty (30) days of the date of entry of this Judgment;  [b] inform in writing all sales representatives of ALS who in any way represent ALS in selling or offering for sale ALS' MT2A, MT2B or MT1D MulTmed products that such products have been permanently enjoined and are no longer available for sale or use in a hospital patient room or in any other environment, and certify such efforts to the Court and to Genlyte within thirty (30) days of the entry hereof; and [c] notify in writing all specifiers, architects, engineers or other hospital

administrators or employees who determine or recommend the selection of hospital patient room lights that the ALS' MT2A, MT2B and MT1D MulTmed products are no longer available for sale or use in a hospital patient room or in any other environment, and certify such efforts to the Court and Genlyte within thirty (30) days of the date hereof.

      8.  The provisions of Paragraphs 5, 6 and 7 hereof do not apply to sales and installation of ALS' MT2A, MT2B and MT1D MulTmed products for which there is a legally enforceable contract for ALS to provide such products as of the date of entry of this Judgment.  As to such legally enforceable contracts, ALS may fulfill same and receive payment therefore, <u>provided</u> that ALS pays to Genlyte, in addition to the amounts set forth in Paragraph 3 hereof, a royalty in the amount of $67.00 per product sold within thirty (30) days from the date ALS receives payment. Every thirty (30) days after entry hereof, ALS shall report to Genlyte the number of such sales and at that time remit to Genlyte the amount of royalty payments required to be paid.  When ALS has completed its sales of all MT2A, MT2B and MT1D MulTmed products permitted under this Paragraph, ALS shall certify in writing to the Court and to Genlyte that all such sales have been completed and all such payments to Genlyte have been made.

      9.  The injunction portions hereof may be removed upon a submission of a Joint Motion for Removal of Permanent Injunction executed by the parties.

    10.  This is a final and appealable Order, on which execution may be had according to the Federal Rules of Civil Procedure and the various statutes of the United States and the laws of Massachusetts.

    SO ORDERED AND ADJUDGED this ___ day of February, 2007.

                                                                                   _____
                                                                                   William G. Young, U.S. District Judge

TENDERED BY:

GENLYTE THOMAS GROUP LLC

By Its Attorneys,

/s/ Kevin Gannon

James E. Milliman (Pro hac vice)
James R. Higgins, Jr. (Pro hac vice)
Robert J. Theuerkauf (Pro hac vice)
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville KY  40202
Telephone:  (502) 584-1135
Facsimile:  (502) 561-0442

-and-

Thomas C. O'Konski   BBO#378265
Kevin Gannon BBO#640931
Cesari and McKenna, LLP
88 Black Falcon Avenue
Boston, MA  02210
Telephone:  (617) 951-2500
Facsimile:  (617) 951-3927

Dated:  February 4, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, if any, on this 4th day of February, 2007.

/s/ Kevin Gannon