**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSSETTS**

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ARCH LIGHTING GROUP, INC. d/b/a<br>ARCHITECTURAL LIGHTING SYSTEMS<br><br>  Defendant. | Civil Action No. 05-CV-10945-WGY |

**[PLAINTIFF'S PROPOSED] FINAL JUDGMENT AND**
**PERMANENT INJUNCTION FOLLOWING TRIAL TO JURY AND VERDICT**

Trial having been held before a jury and concluded on February 1, 2007, the parties having been heard, and the jury having returned its verdict that Defendant Arch Lighting Group, Inc. d/b/a Architectural Lighting Systems ("ALS") infringed the patent-in-suit, U.S. Patent No. 5,038,254 ("the '254 Patent") as follows:

1. ALS' MulTmed 2x4 product MT2A infringed Claim 1 and 3 of the '254 Patent under the doctrine of equivalents;

2. ALS' MulTmed 2x4 product MT2B infringed Claim 1 and 3 of the '254 Patent under the doctrine of equivalents;

3. ALS' MulTmed 2x2 product MT1D literally infringed Claim 1 of the '254 Patent; and

4. That the amount of damages suffered by Genlyte as a result of such infringement was $207,554.00.

The jury having returned its verdict and other determinations having been made during the course of this case, and the Court having considered the entire Record of this cause and having heard argument of counsel and being sufficiently advised,

It is ORDERED AND ADJUDGED,

1. That U.S. Patent No. 5,038,254 is not invalid and is not unenforceable;

2. That Defendant, ALS, be and hereby it is adjudicated as liable for infringement of the '254 Patent, as found by the Jury;

3. That Genlyte shall recover of and from Defendant, ALS, the sum of $207,554.00 plus pre-judgment interest on said sum in the amount of $ 30,089 as set forth in Paragraph 12 of the Affidavit of Michael Tate dated February 5, 2007 filed contemporaneously herewith;

4. That within 30 days of the date of entry hereof ALS provide a certified accounting to Genlyte of all sales of MT2A, MT2B and MT1D MulTmed hospital patient room lights from September 30, 2006 to the date hereof, and with such accounting ALS shall pay to Genlyte as additional damages the sum of $67.00 per product sold.

5. That ALS, its officers, directors, employees, agents and attorneys, and all persons acting in concert with any of them, are permanently enjoined and prohibited from making, using, selling, offering for sale or importing into the United States the patented inventions recited in Claim 1 and Claim 3 of the '254 Patent, and from active inducement of infringement of these claims of the '254 Patent.

6. That the injunction set forth in Paragraph 5 shall include the mandatory injunction and requirement that ALS forthwith cease and desist from

[a] making or selling or offering to sell in any fashion the following products, MT2A (2x4 product with reading, ambient and examination lights), MT2B (2x4 product with reading, ambient, examination lights and nurse's night light) and MT1D (2x2 product with reading and

2

ambient lights) or any product having structure similar thereto which would infringe Claim 1 or Claim 3 of the '254 Patent;

[b] providing or offering to provide the Brochure denominated as Exhibit 20 during trial of this cause, which Brochure/Exhibit 20 includes depictions and/or descriptions of the MulTmed 2x4 and certain 2x2 products;

[c] maintaining on its website the Power Point presentation set forth in Exhibit 21 during trial of this cause;

[d] advertising in any manner the MT2A, MT2B or MT1D products as being available for sale or use or import into the United States; and

[e] modifying any other product including but not limited to the ALS Latitude patient bed light (the present structure of which was depicted in Exhibit 34 at trial of this cause) to contain any structure that would infringe Claim 1 or Claim 3 of the '254 Patent.

7. That the injunction set forth in Paragraph 5 shall further include the mandatory injunction and requirement that ALS [a] gather up and destroy all inventory of MT2A MulTmed 2x4 products, MT2B 2x4 products and MT1D 2x2 products, and certify such destruction to the Court and to Genlyte within thirty (30) days of the date of entry of this Judgment; [b] inform in writing all sales representatives of ALS who in any way represent ALS in selling or offering for sale ALS' MT2A, MT2B or MT1D MulTmed products that such products have been permanently enjoined and are no longer available for sale or use in a hospital patient room or in any other environment, and certify such efforts to the Court and to Genlyte within thirty (30) days of the entry hereof; and [c] ~~notify in writing all specifiers, architects, engineers or other hospital~~ *[initials]*

3

administrators or employees who determine or recommend the selection of hospital patient room lights that the ALS' MT2A, MT2B and MT1D MulTmed products are no longer available for sale or use in a hospital patient room or in any other environment, and certify such efforts to the Court and Genlyte within thirty (30) days of the date hereof.

8. The provisions of Paragraphs 5, 6 and 7 hereof do not apply to sales and installation of ALS' MT2A, MT2B and MT1D MulTmed products for which there is a legally enforceable contract for ALS to provide such products as of the date of entry of this Judgment. As to such legally enforceable contracts, ALS may fulfill same and receive payment therefore, <u>provided</u> that ALS pays to Genlyte, in addition to the amounts set forth in Paragraph 3 hereof, a royalty in the amount of $67.00 per product sold within thirty (30) days from the date ALS receives payment. Every thirty (30) days after entry hereof, ALS shall report to Genlyte the number of such sales and at that time remit to Genlyte the amount of royalty payments required to be paid. When ALS has completed its sales of all MT2A, MT2B and MT1D MulTmed products permitted under this Paragraph, ALS shall certify in writing to the Court and to Genlyte that all such sales have been completed and all such payments to Genlyte have been made.

9. The injunction portions hereof may be removed upon a submission of a Joint Motion for Removal of Permanent Injunction executed by the parties.

     10. This is a final and appealable Order, on which execution may be had according to the Federal Rules of Civil Procedure and the various statutes of the United States and the laws of Massachusetts.

     SO ORDERED AND ADJUDGED this 5TH day of February, 2007.

                                                                William G. Young, U.S. District Judge