UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                  )
GENLYTE THOMAS GROUP LLC,         )
                                  )
        Plaintiff,                )
                                  )
        v.                        )  CIVIL ACTION
                                  )  NO. 05-10945-WGY
ARCHITECTURAL LIGHTING SYSTEMS,   )
a division of ARCH LIGHTING       )
GROUP,                            )
                                  )
        Defendant.                )
                                  )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                           April 11, 2007

**I.   INTRODUCTION**

A single issue remains before this Court from a multifaceted post-judgment motion by the defendant Architectural Lighting Systems ("ALS").

On May 6, 2005, the plaintiff Genlyte Thomas Group LLC ("Genlyte") initiated an action for patent infringement of U.S. Patent No. 5,038,254 ("the '254' patent") against ALS.  Compl. [Doc. No. 1] ¶¶ 1, 5-13.  A jury trial was held on Genlyte's claim from January 22, 2007 to January 31, 2007.  On February 1, 2007, the jury returned a verdict for Genlyte in the amount of $207,554.00.

On February 5, 2007, this Court addressed Genlyte's motion for a permanent injunction.  Pl. Mot. for Prelim. Inj. [Doc. No.

75]. After the hearing, this Court allowed the motion and entered the Final Judgment that is at issue here. Judgment and Perm. Inj. [Doc. No. 80] ("Judgment").

ALS subsequently filed motions for judgment as matter of law, to alter judgment, and for a new trial. Def. Mots. for Judgment as Matter of Law [Doc. No. 81]. This Court heard oral arguments on these motions on March 29, 2007. The motions were denied except as to the motion to amend the judgment to delete paragraph four thereof. The parties were given two weeks to attempt a private resolution of this narrow issue concerning damages. The parties informed this Court on April 4, 2007, that no private resolution was possible. This Court, after oral argument and a careful review of the memoranda and record, reaches the following disposition.

## II. DISCUSSION

The sole issue that remains of ALS's post-judgment motions is whether this Court erred in the Judgment by awarding Genlyte additional damages from September 30, 2006, to the February 5, 2007 - the date of the Judgment. Def. Mem. in Supp. of Mot. to Alter Judgment [Doc. No. 82] ("Def. Mem.") at 12-13. The award of $67.00 per infringing product sold was included in paragraph four of the order. Judgment at 2, ¶ 4.

The issue of additional damages stems from ALS's failure to account for the number of infringing products sold after

September 30, 2006.  Genlyte was only able to use ALS's sales activity through that date to assess, through its expert witness, the reasonable royalty damages.  Trial Tr. 1/29/2007 at 444:18-445:9.  This Court noted this fact during the instruction to the jury on the calculation of damages.  Trial Tr. 1/31/2007 at 677:24-678:14.  The jury was instructed that if it found infringement, that it ought "figure out a reasonable royalty and then apply that royalty to the products that you think infringed over the time that you think they were infringing up to today." Id. at 678:8-10.  In the same instruction, this Court noted that the jury may consider that Genlyte's expert witness stopped his analysis in September, 2006.  Id. at 678:11-14.  Thus, in light of this instruction, the jury's award of $207,554.00 is properly considered to address damages for reasonable royalties up to and including the trial.

   Genlyte objects to this reasoning by arguing that ALS ought not benefit from its failure to supplement its discovery responses to include sales activity past September, 2006.  Pl. Mem. in Opp'n to Mot. for Judgment as Matter of Law [Doc. No. 84] ("Pl. Opp'n Mem.") at 15-16.  This argument fails for two reasons.  First, there is no indication that the jury instruction failed to empower the jury to award reasonable royalties that would include the entire time up to and including the trial.  In fact, the language of the instruction clearly supports the

opposite conclusion.  Second, Genlyte grounds its argument on a foundation of discovery sanctions with reference to Federal Rule of Civil Procedure 26(e) and citations to cases addressing such sanctions.  Id.  While Genlyte is correct that a district judge retains wide latitude and much discretion to fashion such sanctions, this Court simply did not award such additional damages for that purpose.  A review of the transcript of the hearing on the motion for judgment and permanent injunction presents not even a hint that discovery sanctions were fashioned.  See Trial Tr. 2/5/2007 at 2:11-5:2.

As a result, this Court concludes that it erred when it included additional damages in paragraph four of the Judgment.  The charge to the jury sufficiently instructed them to return damages to address the reasonable royalties entitled to Genylte up to and including the date of trial.

### III. CONCLUSION

Accordingly, ALS's Motion to Alter Judgment [Docket No. 81] is ALLOWED.  The Judgment is amended to strike the award of additional damages included in paragraph four of the order.

SO ORDERED.

/s/ William G. Young

WILLIAM G. YOUNG
DISTRICT JUDGE