UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br><br>      Plaintiff/Counterclaim Defendant,<br>v.<br><br>ARCHITECTURAL LIGHTING SYSTEMS, a division of ARCH LIGHTING GROUP,<br><br>      Defendant/Counterclaimant. | Civil Action No. 05-CV-10945 WGY |

**DEFENDANT'S MOTION FOR APPROVAL OF SUPERSEDEAS BOND
AND TO STAY EXECUTION OF JUDGMENT PENDING APPEAL**

Pursuant to Fed. R. Civ. P. 62(d) and Local Rules 7.1 and 62.2, Defendant Arch Lighting Group, Inc. ("ALS") hereby moves for approval of the supersedeas bond attached hereto as Exhibit A and for issuance of a stay of execution of the Judgment of February 5, 2007 ("the Judgment") pending a decision on the appeal of the Judgment to the U.S. Court of Appeals for the Federal Circuit. In support of this Motion, ALS states as follows:

    1.    On February 5, 2007, following a jury trial, this Court entered a final judgment in favor of Genlyte Thomas Group LLC ("Genlyte") against ALS. Specifically, the judgment included damages awarded by the jury of $207,554 and prejudgment interest of $30,089.

    2.    On May 23, 2007, ALS timely appealed the final judgment to the United States Court of Appeals for the Federal Circuit.

    3.    ALS has since obtained a supersedeas bond in the amount of $274,526 ("the Bond") to stay execution of the final judgment entered against ALS pending disposition of ALS's appeal. A copy of the Bond is attached as Exhibit A. Accordingly, by this Motion, ALS seeks approval of the Bond and issuance of a stay of execution of the Judgment pursuant to Fed. R. Civ. P. 62(d).

**MEMORANDUM OF LAW**

Rule 62(d), Fed. R. Civ. P., provides that a defendant is entitled to a stay of a final judgment pending appeal as a matter of right upon submission of a supersedeas bond. Local Rule 62.2 sets forth the proper amount for such a supersedeas bond:

> A supersedeas bond staying execution of a money judgment shall be the amount of the judgment plus ten (10%) percent of the amount to cover interest and any award of damages for delay plus Five Hundred and no/100 ($500.00) Dollars to cover costs, unless the court directs otherwise.

In this case, the Bond – in the amount of $274,526 – complies with Local Rule 62.2 and is therefore sufficient to preserve the status quo and protect Genlyte's rights pending disposition of ALS's appeal. Accordingly, this Court should approve the Bond and issue a stay of execution of the final judgment against ALS pending disposition of the appeal.

CONCLUSION

For the foregoing reasons, ALS respectfully requests entry of an Order approving the Bond and issuing a stay of execution of the final judgment against ALS pending disposition of ALS's appeal.

Respectfully submitted,

Dated: July 6, 2007

_s/ Brett N. Dorny_____
Brett N. Dorny, BBO# 628,977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts 01532
508-709-0501
bndorny@dornylaw.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to those indicated as non-registered participants on July 6, 2007.

_s/ Brett N. Dorny_____
Brett N. Dorny

# EXHIBIT A

Bond No. 1818967

COMMONWEALTH OF MASSACHUSETTS

    Genlyte Thomas Group, LLC **Plaintiff**    )
                                                                     ) Civil Action No. 05-CV-10945-WGY
    Arch Lighting Group, Inc. **Defendant**   )
    d/b/a Architectural Lighting Systems

    **KNOW ALL MEN BY THESE PRESENTS:** That we Arch Lighting Group, Inc. d/b/a Architectural Lighting Systems as principal, and **THE HANOVER INSURANCE COMPANY** of Worcester, MA, as Surety, are firmly bound and obliged to U.S. District Court District of Massachusetts, as Obligee, in the full and just sum of Two Hundred Seventy Four Thousand Five Hundred Twenty Six and 00/100 dollars ($274,526.00) to be paid unto U.S. District Court District of Massachusetts, his heirs, executors, administrators, or assigns, we hereby jointly and severally bind ourselves, our heirs, executors, and administrators.

**WHEREAS**, on the 5th day of February, 2007, a judgment was rendered by the U.S. District Court for the District of Massachusetts in the above entitled and number action in favor of the Plaintiff and against the Defendant;

**WHEREAS**, said Defendant has appealed, or is about to appeal, to the U.S. Court of Appeals for the Federal Circuit, from the above mentioned judgment and the whole thereof, and said Defendant desires to suspend execution of said judgment pending such appeal.

**NOW, THEREFORE**, the condition of this obligation is such that, if the above named Defendant shall prosecute its appeal with effect and shall, if the judgment of the U.S. District Court District of Massachusetts Court be against it, perform such judgment or decree of said court, and pay all such damages, interest and costs as may be awarded against it on such appeal, then this obligation shall be void, otherwise to remain in full force and effect. However, it is expressly understood and agreed the obligation of the Surety hereunder shall in no event exceed the penal sum of the bond as stated above.

Signed, sealed and dated this 5th day of July, 2007,

                        ARCH LIGHTING GROUP, INC.
                        D/B/A ARCHITECTURAL LIGHTING SYSTEMS

                        BY: _____
                                  (Principal)

                        THE HANOVER INSURANCE COMPANY

                        BY: _____
                           Shelly Andrade, Attorney-in-Fact

This Power of Attorney may not be used to execute any bond with an inception date after May 1, 2008

**THE HANOVER INSURANCE COMPANY**
**MASSACHUSETTS BAY INSURANCE COMPANY**
**CITIZENS INSURANCE COMPANY OF AMERICA**

POWERS OF ATTORNEY
CERTIFIED COPY

KNOW ALL MEN BY THESE PRESENTS: That THE HANOVER INSURANCE COMPANY and MASSACHUSETTS BAY INSURANCE COMPANY, both being corporations organized and existing under the laws of the State of New Hampshire, and CITIZENS INSURANCE COMPANY OF AMERICA, a corporation organized and existing under the laws of the State of Michigan, do hereby constitute and appoint

**Shelly Andrade, James L. Mastors, William F. Hertel and/or Joseph A. Servant**

of **East Greenwich, RI** and each is a true and lawful Attorney(s)-in-fact to sign, execute, seal, acknowledge and deliver for, and on its behalf, and as its act and deed any place within the United States, or, if the following line be filled in, only within the area therein designated

any and all bonds, recognizances, undertakings, contracts of indemnity or other writings obligatory in the nature thereof, as follows:
**Any such obligations in the United States, not to exceed Twenty Million and No/100 ($20,000,000) in any single instance**

and said companies hereby ratify and confirm all and whatsoever said Attorney(s)-in-fact may lawfully do in the premises by virtue of these presents. These appointments are made under and by authority of the following Resolution passed by the Board of Directors of said Companies which resolutions are still in effect:

"RESOLVED, That the President or any Vice President, in conjunction with any Assistant Vice President, be and they are hereby authorized and empowered to appoint Attorneys-in-fact of the Company, in its name and as its acts, to execute and acknowledge for and on its behalf as Surety any and all bonds, recognizances, contracts of indemnity, waivers of citation and all other writings obligatory in the nature thereof, with power to attach thereto the seal of the Company. Any such writings so executed by such Attorneys-in-fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company in their own proper persons." (Adopted October 7, 1981 - The Hanover Insurance Company; Adopted April 14, 1982 – Massachusetts Bay Insurance Company; Adopted September 7, 2001 - Citizens Insurance Company of America)

IN WITNESS WHEREOF, THE HANOVER INSURANCE COMPANY, MASSACHUSETTS BAY INSURANCE COMPANY and CITIZENS INSURANCE COMPANY OF AMERICA have caused these presents to be sealed with their respective corporate seals, duly attested by a Vice President and an Assistant Vice President, this **22nd** day of **May, 2006.**

THE HANOVER INSURANCE COMPANY
MASSACHUSETTS BAY INSURANCE COMPANY
CITIZENS INSURANCE COMPANY OF AMERICA

Richard M. Van Steenburgh, Vice President

Paul F. Carleo, Assistant Vice President

THE COMMONWEALTH OF MASSACHUSETTS  )
COUNTY OF WORCESTER                ) ss.

On this **22nd** day of **May 2006**, before me came the above named Vice President and Assistant Vice President of The Hanover Insurance Company, Massachusetts Bay Insurance Company and Citizens Insurance Company of America, to me personally known to be the individuals and officers described herein, and acknowledged that the seals affixed to the preceding instrument are the corporate seals of The Hanover Insurance Company Massachusetts Bay Insurance Company and Citizens Insurance Company of America, respectively, and that the said corporate seals and their signatures as officers were duly affixed and subscribed to said instrument by the authority and direction of said Corporations.



Barbara A. Garlick
Notary Public
My commission expires on November 3, 2011

I, the undersigned Assistant Vice President of The Hanover Insurance Company, Massachusetts Bay Insurance Company and Citizens Insurance Company of America, hereby certify that the above and foregoing is a full, true and correct copy of the Original Power of Attorney issued by said Companies, and do hereby further certify that the said Powers of Attorney are still in force and effect.

This Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of The Hanover Insurance Company, Massachusetts Bay Insurance Company and Citizens Insurance Company of America.

"RESOLVED, That any and all Powers of Attorney and Certified Copies of such Powers of Attorney and certification in respect thereto, granted and executed by the President or any Vice President in conjunction with any Assistant Vice President of the Company, shall be binding on the Company to the same extent as if all signatures therein were manually affixed, even though one or more of any such signatures thereon may be facsimile." (Adopted October 7, 1981 - The Hanover Insurance Company; Adopted April 14, 1982 Massachusetts Bay Insurance Company; Adopted September 7, 2001 - Citizens Insurance Company of America)

GIVEN under my hand and the seals of said Companies, at Worcester, Massachusetts, this **5th** day of **July**, 20 **07**.

THE HANOVER INSURANCE COMPANY
MASSACHUSETTS BAY INSURANCE COMPANY
CITIZENS INSURANCE COMPANY OF AMERICA

Charles T Wells, Assistant Vice President

**Certified Copy Void Without Hanover Watermark**

F 6754

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br>v.<br><br>ARCHITECTURAL LIGHTING SYSTEMS, a division of ARCH LIGHTING GROUP,<br><br>    Defendant/Counterclaimant. | Civil Action No. 05-CV-10945 WGY |

## **PROPOSED ORDER**

Upon due consideration, Defendant's Motion for Approval of Supersedeas Bond and to Stay Execution of Judgment Pending Appeal is hereby GRANTED. The supersedeas bond attached as Exhibit A to the Motion is approved and deemed as filed as of this date. Enforcement of the Judgment of February 5, 2007 is hereby stayed pending disposition of ALS's appeal to the United States Court of Appeals for the Federal Circuit.

SO ORDERED this ____ day of _____, 2007.

                                                                                        _____
                                                                                        Honorable William G. Young
                                                                                        U.S. District Judge