UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br><br>   Plaintiff/Counterclaim Defendant,<br>v.<br><br>ARCHITECTURAL LIGHTING SYSTEMS, a division of ARCH LIGHTING GROUP,<br><br>   Defendant/Counterclaimant. | Civil Action No. 05-CV-10945 WGY |

**DEFENDANT'S MOTION TO ALTER STAY ORDER
AND MEMORANDUM IN SUPPORT**

Defendant Arch Lighting Group, Inc. ("ALS") hereby moves to alter the stay order of July 19, 2007. On July 19, 2007, the Court granted ALS's motion for a stay pending appeal conditioned upon payment of mandated royalty payments and timely payment of future royalties. ALS requests that the Court's order be altered to eliminate the payment of royalties currently due since the supersedeas bond is sufficient to include such royalties.

BACKGROUND

On July 6, 2007, pursuant to Fed. R. Civ. P. 62(d) and Local Rules 7.1 and 62.2, ALS moved for approval of a supersedeas bond for issuance of a stay of execution of the Judgment of February 5, 2007 ("the Judgment") pending a decision on the appeal of the Judgment to the U.S. Court of Appeals for the Federal Circuit. ALS had submitted supersedeas bond in the amount of $274,526. Genlyte opposed the motion based upon the alleged deficiency of the supersedeas bond. The alleged deficiency related to royalty payments for sales made under paragraph 8 of the Judgment.

As of February 5, 2007, ALS had pending orders for approximately 350 of the products found to infringe. Pursuant to paragraph 8 of the Judgment, ALS could fulfill these orders. ALS

had to report such sales every thirty days and pay a royalty of $67 per unit within thirty days of payment. ALS sold 146 such products in February, for which payment has been received. Declaration of Paul Northrup ("Northrup Decl.") ¶2, attached hereto as Exhibit 1. Royalties for these units totals $9,782. ALS further sold 32 units in May for which payment has not yet been received. Northrup Decl. ¶3.

On July 19, 2007, the Court granted ALS's motion conditioned upon payment of "the Mandated Royalty Payments Are Made and the Defendant So Certifies, and Further That the Mandated Royalty Payments Are Promptly Made Hereafter" Order of July 19, 2007.

## ARGUMENT

Pursuant to Local Rule 62.2, the amount of a supersedeas bond is to be "in the amount of the judgment plus ten (10%) percent of the amount to cover interest and any award of damages for delay plus Five Hundred and no/100 ($500.00) to cover costs. The amount of the supersedeas bond in this case includes all royalties currently due under paragraph 8 of the Judgment, as well as additional royalties not yet due. The supersedeas bond includes:

| | |
|---|---|
| Damages | $207,554 |
| Prejudgment Interest | $30,089 |
| Royalties - Owed (146 units ) | $9,782 |
| Royalties – Not yet owed (25 units) | $1,675 |
| 10% | $24,910 |
| Costs | $500 |
| TOTAL | $274,510 |
| Supersedeas Bond | $274,526 |

Therefore, the amount of the bond is sufficient to include the royalties currently due on the 146 units sold in February. It also is sufficient to include 25 units for which royalties are not yet due. While ALS may owe royalties under paragraph 8 for future sales and payments, the supersedeas bond is sufficient to protect Genlyte as to all royalties which are currently owed. Accordingly, the Stay Order should be altered to eliminate the requirement of payment of mandated royalties currently due and mandated royalties on 25 units not yet due since they are within the amount of the supersedeas bond.

                                             Respectfully submitted,

Dated: July 20, 2007

     _s/ Brett N. Dorny_
Brett N. Dorny, BBO# 628,977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts 01532
508-709-0501
bndorny@dornylaw.com
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to those indicated as non-registered participants on July 20, 2007.

    _s/ Brett N. Dorny_
Brett N. Dorny

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br><br>    Plaintiff/Counterclaim Defendant,<br>v.<br><br>ARCHITECTURAL LIGHTING SYSTEMS, a division of ARCH LIGHTING GROUP INC.,<br><br>    Defendant/Counterclaimant. | Civil Action No.  05-CV-10945 WGY |

### DECLARATION OF PAUL B. NORTHRUP

I, Paul B. Northrup, hereby declare as follows:

1.    I am controller of Defendant Arch Lighting Group, Inc. ("ALS"). I make this declaration in support of Defendant's Motion for Amend the Stay Order. Unless indicated otherwise, all statements are made from my personal knowledge.

2.    ALS sold 146 of the MT2A, MT2B and MT1D products during February 2007 in connection with orders existing as of February 5, 2007. Pursuant to paragraph 8 of the Judgment, the sales were reported to Genlyte on March 7, 2007. ALS has received payment for these orders.

3.    ALS sold 32 MT2B products during May 2007 in connection with orders existing as of February 5, 2007. Pursuant to paragraph 8 of the Judgment, these sales were reported to Genlyte on June 7, 2007. Payment for these products was received a short time ago and the royalty is not yet due to Genlyte.

4.    ALS will comply with paragraph 8 of the Judgment. It will report sales and pay future royalties during the pendency of the appeal.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of July, 2007.

                                            _s/ Paul B. Northrup_____
                                            Paul B. Northrup

Case 1:05-cv-10945-WGY     Document 111-2     Filed 07/20/2007     Page 3 of 3