**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS**

GENLYTE THOMAS GROUP LLC,

                Plaintiff,

v.

                                     Civil Action No. 05-CV-10945-WGY

ARCH LIGHTING GROUP, INC. d/b/a
ARCHITECTURAL LIGHTING SYSTEMS

                Defendant.

PLAINTIFF'S MOTION TO ENFORCE
SUPERSEDEAS BOND AND MEMORANDUM IN SUPPORT

       Plaintiff, Genlyte Thomas Group LLC ("Genlyte"), by counsel, for its Motion to Enforce Supersedeas Bond states:

       On February 5, 2007, the Court entered judgment [DN 80] against Defendant, Arch Lighting Group, Inc. d/b/a Architectural Lighting Systems' ("ALS").[1]  Thereafter, ALS filed its notice of appeal, and Genlyte filed its notice of cross-appeal, to the United States Court of Appeals for the Federal Circuit.  On July 6, 2007, ALS filed a Motion for Approval of Supersedeas Bond and to Stay Execution of Judgment Pending Appeal [DN 109].  On July 19, 2007, the Court approved the bond and granted the requested stay.[2]  A copy of the bond issued by The Hanover Insurance Company ("Surety") is attached hereto as Exhibit A.  The bond is in the amount of $274,526.

       On May 14, 2008, the Federal Circuit issued its opinion affirming this Court's Judgment and on June 4, 2008 issued its mandate.  The Federal Circuit's mandate was received by this Court on June 9, 2008 [DN 115].  After having received the issued mandate, and on June 10,

---

[1] On April 11, 2007 the Judgment was amended striking paragraph four.
[2] The granting of the motion was conditioned on ALS paying the royalty payments mandated by the Judgment and certifying such to the Court.

2008, Genlyte wrote to ALS (with a copy to the Surety) attempting to collect the Judgment of $207,554, prejudgment interest of $30,089, costs of $5,490.35 and post judgment interest at the rate of 5.10% (per the Court's Post Judgment Interest Rate Table). A copy of the Judgment and order awarding costs are attached hereto as Exhibits B and C, respectively. At the time of the June 10, 2008 letter, the total amount owed to Genlyte was $260,068.35 which included post judgment interest in the amount of $16,935 (with additional interest of $36 per day going forward). A copy of the June 10, 2008 letter and the calculations for the post judgment interest (including the post judgment interest going forward) are attached hereto as Exhibit D and E, respectively. At the time of filing this motion, ALS has failed to pay in accordance with the Judgment, and has further failed to respond to Genlyte's June 10, 2008 letter.

MEMORANDUM OF LAW

Despite the Federal Circuit having issued its mandate affirming this Court's Judgment and Genlyte's attempt to collect, ALS has failed to pay in accordance with the Judgment and this Court's orders. There is no just reason for ALS's delay.

Federal Rule of Civil Procedure 65.1 provides as follows:

> Whenever these rules . . . require or permit the giving of security by a party, and security is given in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits to the jurisdiction of the court and irrevocably appoints the clerk of the court as the surety's agent upon whom any papers affecting the surety's liability on the bond or undertaking may be served. The surety's liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the sureties if their addresses are known.

Further, 28 U.S.C. § 1352, in its relevant part, states: "The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the

United States."  Consequently, Genlyte respectfully requests the Court to enforce the supersedeas

bond, pursuant to Fed.R.Civ.P. 65.1, and order the Surety to pay as follows:

| Judgment [DN 80 at 2, ¶3] | $207,554 |
| Pre-judgment Interest [DN 80 at 2, ¶3] | $30,089 |
| Costs [DN 91] | $5,490.35 |
| Post Judgment Interest at the rate of 5.10% [Exhibit E] | $17,259 (as of June 19, 2008) |
| **TOTAL** | **$260,392.35** (plus an additional $36/day going forward) |

Genlyte also requests that pursuant to Rule 65.1 that the clerk of the court, as agent for the

Surety, provide copies of this motion to the Surety.

An Order enforcing the bond is tendered herewith.

Respectfully submitted,


/s/ Kevin Gannon
James E. Milliman (Pro hac vice)
James R. Higgins, Jr. (Pro hac vice)
Robert J. Theuerkauf (Pro hac vice)
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville KY  40202
Telephone:  (502) 584-1135
Facsimile:  (502) 561-0442

-and-

Thomas C. O'Konski  BBO#337475
Kevin Gannon BBO#640931
Cesari and McKenna, LLP
88 Black Falcon Avenue
Boston, MA  02210
Telephone:  (617) 951-2500
Facsimile:  (617) 951-3927

*Counsel for Plaintiff, Genlyte Thomas Group LLC*

<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 19th day of June, 2008.  I further certify that this document is being served on the clerk of the court acting as Surety's agent on 19th day of June, 2008.

/s/ Kevin Gannon
*Counsel for Plaintiff, Genlyte Thomas Group LLC*

# EXHIBIT A

Bond No. 1818967

COMMONWEALTH OF MASSACHUSETTS

Genlyte Thomas Group, LLC **Plaintiff** )
) Civil Action No. 05-CV-10945-WGY
)
Arch Lighting Group, Inc. **Defendant** )
d/b/a Architectural Lighting Systems

    **KNOW ALL MEN BY THESE PRESENTS:** That we Arch Lighting Group, Inc. d/b/a Architectural Lighting Systems as principal, and **THE HANOVER INSURANCE COMPANY** of Worcester, MA, as Surety, are firmly bound and obliged to U.S. District Court District of Massachusetts, as Obligee, in the full and just sum of Two Hundred Seventy Four Thousand Five Hundred Twenty Six and 00/100 dollars ($274,526.00) to be paid unto U.S. District Court District of Massachusetts, his heirs, executors, administrators, or assigns, we hereby jointly and severally bind ourselves, our heirs, executors, and administrators.

**WHEREAS**, on the 5th day of February, 2007, a judgment was rendered by the U.S. District Court for the District of Massachusetts in the above entitled and number action in favor of the Plaintiff and against the Defendant;

**WHEREAS**, said Defendant has appealed, or is about to appeal, to the U.S. Court of Appeals for the Federal Circuit, from the above mentioned judgment and the whole thereof, and said Defendant desires to suspend execution of said judgment pending such appeal.

**NOW, THEREFORE**, the condition of this obligation is such that, if the above named Defendant shall prosecute its appeal with effect and shall, if the judgment of the U.S. District Court District of Massachusetts Court be against it, perform such judgment or decree of said court, and pay all such damages, interest and costs as may be awarded against it on such appeal, then this obligation shall be void, otherwise to remain in full force and effect. However, it is expressly understood and agreed the obligation of the Surety hereunder shall in no event exceed the penal sum of the bond as stated above.

Signed, sealed and dated this 5th day of July, 2007,

        ARCH LIGHTING GROUP, INC.
        D/B/A ARCHITECTURAL LIGHTING SYSTEMS

        BY: _____
                     (Principal)

        THE HANOVER INSURANCE COMPANY

        BY: _____
        Shelly Andrade, Attorney-in-Fact

This Power of Attorney may not be used to execute any bond with an inception date after May 1, 2008

**THE HANOVER INSURANCE COMPANY**
**MASSACHUSETTS BAY INSURANCE COMPANY**
**CITIZENS INSURANCE COMPANY OF AMERICA**

**POWERS OF ATTORNEY**
**CERTIFIED COPY**

KNOW ALL MEN BY THESE PRESENTS: That THE HANOVER INSURANCE COMPANY and MASSACHUSETTS BAY INSURANCE COMPANY, both being corporations organized and existing under the laws of the State of New Hampshire, and CITIZENS INSURANCE COMPANY OF AMERICA, a corporation organized and existing under the laws of the State of Michigan, do hereby constitute and appoint
**Shelly Andrade, James L. Mastors, William F. Hertel and/or Joseph A. Servant**

of East Greenwich, RI and each is a true and lawful Attorney(s)-in-fact to sign, execute, seal, acknowledge and deliver for, and on its behalf, and as its act and deed any place within the United States, or, if the following line be filled in, only within the area therein designated

any and all bonds, recognizances, undertakings, contracts of indemnity or other writings obligatory in the nature thereof, as follows:
Any such obligations in the United States, not to exceed Twenty Million and No/100 ($20,000,000) in any single instance

and said companies hereby ratify and confirm all and whatsoever said Attorney(s)-in-fact may lawfully do in the premises by virtue of these presents. These appointments are made under and by authority of the following Resolution passed by the Board of Directors of said Companies which resolutions are still in effect:

"RESOLVED, That the President or any Vice President, in conjunction with any Assistant Vice President, be and they are hereby authorized and empowered to appoint Attorneys-in-fact of the Company, in its name and as its acts, to execute and acknowledge for and on its behalf as Surety any and all bonds, recognizances, contracts of indemnity, waivers of citation and all other writings obligatory in the nature thereof, with power to attach thereto the seal of the Company. Any such writings so executed by such Attorneys-in-fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company in their own proper persons." (Adopted October 7, 1981 - The Hanover Insurance Company; Adopted April 14, 1982 - Massachusetts Bay Insurance Company; Adopted September 7, 2001 - Citizens Insurance Company of America)

IN WITNESS WHEREOF, THE HANOVER INSURANCE COMPANY, MASSACHUSETTS BAY INSURANCE COMPANY and CITIZENS INSURANCE COMPANY OF AMERICA have caused these presents to be sealed with their respective corporate seals, duly attested by a Vice President and an Assistant Vice President, this 22nd day of May, 2006.

THE HANOVER INSURANCE COMPANY
MASSACHUSETTS BAY INSURANCE COMPANY
CITIZENS INSURANCE COMPANY OF AMERICA

Richard M. Van Steenburgh, Vice President

Paul F. Carleo, Assistant Vice President

THE COMMONWEALTH OF MASSACHUSETTS )
COUNTY OF WORCESTER ) ss.

On this 22nd day of May 2006, before me came the above named Vice President and Assistant Vice President of The Hanover Insurance Company, Massachusetts Bay Insurance Company and Citizens Insurance Company of America, to me personally known to be the individuals and officers described herein, and acknowledged that the seals affixed to the preceding instrument are the corporate seals of The Hanover Insurance Company, Massachusetts Bay Insurance Company and Citizens Insurance Company of America, respectively, and that the said corporate seals and their signatures as officers were duly affixed and subscribed to said instrument by the authority and direction of said Corporations.



Barbara A. Garlick
*Notary Public*

My commission expires on November 3, 2011

I, the undersigned Assistant Vice President of The Hanover Insurance Company, Massachusetts Bay Insurance Company and Citizens Insurance Company of America, hereby certify that the above and foregoing is a full, true and correct copy of the Original Power of Attorney issued by said Companies, and do hereby further certify that the said Powers of Attorney are still in force and effect.

This Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of The Hanover Insurance Company, Massachusetts Bay Insurance Company and Citizens Insurance Company of America.

"RESOLVED, That any and all Powers of Attorney and Certified Copies of such Powers of Attorney and certification in respect thereto, granted and executed by the President or any Vice President in conjunction with any Assistant Vice President of the Company, shall be binding on the Company to the same extent as if all signatures therein were manually affixed, even though one or more of any such signatures thereon may be facsimile." (Adopted October 7, 1981 - The Hanover Insurance Company; Adopted April 14, 1982 Massachusetts Bay Insurance Company; Adopted September 7, 2001 - Citizens Insurance Company of America)

GIVEN under my hand and the seals of said Companies, at Worcester, Massachusetts, this 5th day of July, 20 07.

THE HANOVER INSURANCE COMPANY
MASSACHUSETTS BAY INSURANCE COMPANY
CITIZENS INSURANCE COMPANY OF AMERICA

Charles T Wells
*Charles T Wells, Assistant Vice President*

**Certified Copy Void Without Hanover Watermark**

F 6754

# EXHIBIT B

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS**

GENLYTE THOMAS GROUP LLC,

Plaintiff,

v.

ARCH LIGHTING GROUP, INC. d/b/a
ARCHITECTURAL LIGHTING SYSTEMS

Defendant.

Civil Action No. 05-CV-10945-WGY

**[PLAINTIFF'S PROPOSED] FINAL JUDGMENT AND
PERMANENT INJUNCTION FOLLOWING TRIAL TO JURY AND VERDICT**

Trial having been held before a jury and concluded on February 1, 2007, the parties

having been heard, and the jury having returned its verdict that Defendant Arch Lighting Group,

Inc. d/b/a Architectural Lighting Systems ("ALS") infringed the patent-in-suit, U.S. Patent No.

5,038,254 ("the '254 Patent") as follows:

1. ALS' MulTmed 2x4 product MT2A infringed Claim 1 and 3 of the '254 Patent under the
   doctrine of equivalents;

2. ALS' MulTmed 2x4 product MT2B infringed Claim 1 and 3 of the '254 Patent under the
   doctrine of equivalents;

3. ALS' MulTmed 2x2 product MT1D literally infringed Claim 1 of the '254 Patent; and

4. That the amount of damages suffered by Genlyte as a result of such infringement was
   $207,554.00.

The jury having returned its verdict and other determinations having been made during the

course of this case, and the Court having considered the entire Record of this cause and having heard

argument of counsel and being sufficiently advised,

It is ORDERED AND ADJUDGED,

1. That U.S. Patent No. 5,038,254 is not invalid and is not unenforceable;

2. That Defendant, ALS, be and hereby it is adjudicated as liable for infringement of the '254 Patent, as found by the Jury;

3. That Genlyte shall recover of and from Defendant, ALS, the sum of $207,554.00 plus pre-judgment interest on said sum in the amount of $ 30,089 as set forth in Paragraph 12 of the Affidavit of Michael Tate dated February 5, 2007 filed contemporaneously herewith;

4. That within 30 days of the date of entry hereof ALS provide a certified accounting to Genlyte of all sales of MT2A, MT2B and MT1D MulTmed hospital patient room lights from September 30, 2006 to the date hereof, and with such accounting ALS shall pay to Genlyte as additional damages the sum of $67.00 per product sold.

5. That ALS, its officers, directors, employees, agents and attorneys, and all persons acting in concert with any of them, are permanently enjoined and prohibited from making, using, selling, offering for sale or importing into the United States the patented inventions recited in Claim 1 and Claim 3 of the '254 Patent, and from active inducement of infringement of these claims of the '254 Patent.

6. That the injunction set forth in Paragraph 5 shall include the mandatory injunction and requirement that ALS forthwith cease and desist from

[a] making or selling or offering to sell in any fashion the following products, MT2A (2x4 product with reading, ambient and examination lights), MT2B (2x4 product with reading, ambient, examination lights and nurse's night light) and MT1D (2x2 product with reading and

2

ambient lights) or any product having structure similar thereto which would infringe Claim 1 or

Claim 3 of the '254 Patent;

[b] providing or offering to provide the Brochure denominated as Exhibit 20 during trial

of this cause, which Brochure/Exhibit 20 includes depictions and/or descriptions of the MulTmed

2x4 and certain 2x2 products;

[c] maintaining on its website the Power Point presentation set forth in Exhibit 21 during

trial of this cause;

[d] advertising in any manner the MT2A, MT2B or MT1D products as being available for

sale or use or import into the United States; and

[e] modifying any other product including but not limited to the ALS Latitude patient bed

light (the present structure of which was depicted in Exhibit 34 at trial of this cause) to contain

any structure that would infringe Claim 1 or Claim 3 of the '254 Patent.

7. That the injunction set forth in Paragraph 5 shall further include the mandatory

injunction and requirement that ALS [a] gather up and destroy all inventory of MT2A MulTmed

2x4 products, MT2B 2x4 products and MT1D 2x2 products, and certify such destruction to the

Court and to Genlyte within thirty (30) days of the date of entry of this Judgment;  [b] inform in

writing all sales representatives of ALS who in any way represent ALS in selling or offering for

sale ALS' MT2A, MT2B or MT1D MulTmed products that such products have been

permanently enjoined and are no longer available for sale or use in a hospital patient room or in

any other environment, and certify such efforts to the Court and to Genlyte within thirty (30) days

of the entry hereof; and [c] ~~notify in writing all specifiers, architects, engineers or other hospital~~ *N/J4*

3

administrators or employees who determine or recommend the selection of hospital patient room lights that the ALS' MT2A, MT2B and MT1D MulTmed products are no longer available for sale or use in a hospital patient room or in any other environment, and certify such efforts to the Court and Genlyte within thirty (30) days of the date hereof.

8.  The provisions of Paragraphs 5, 6 and 7 hereof do not apply to sales and installation of ALS' MT2A, MT2B and MT1D MulTmed products for which there is a legally enforceable contract for ALS to provide such products as of the date of entry of this Judgment.  As to such legally enforceable contracts, ALS may fulfill same and receive payment therefore, <u>provided</u> that ALS pays to Genlyte, in addition to the amounts set forth in Paragraph 3 hereof, a royalty in the amount of $67.00 per product sold within thirty (30) days from the date ALS receives payment. Every thirty (30) days after entry hereof, ALS shall report to Genlyte the number of such sales and at that time remit to Genlyte the amount of royalty payments required to be paid.  When ALS has completed its sales of all MT2A, MT2B and MT1D MulTmed products permitted under this Paragraph, ALS shall certify in writing to the Court and to Genlyte that all such sales have been completed and all such payments to Genlyte have been made.

9.  The injunction portions hereof may be removed upon a submission of a Joint Motion for Removal of Permanent Injunction executed by the parties.

10. This is a final and appealable Order, on which execution may be had according to the

Federal Rules of Civil Procedure and the various statutes of the United States and the laws of

Massachusetts.

SO ORDERED AND ADJUDGED this _5_$^{TH}$ day of February, 2007.

*William G. Young*

William G. Young, U.S. District Judge

# EXHIBIT C

AO 133    (Rev. 8/06)  Bill of Costs

# UNITED STATES DISTRICT COURT

District of **MASSACHUSETTS**

GENLYTE THOMAS GROUP LLC.

v.

ARCH LIGHTING GROUP

**BILL OF COSTS**

Case Number:  05-CV-10945 WGY

Judgment having been entered in the above entitled action on __2/5/2007__ against __Arch Lighting Group__ ,
Date
the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 250.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 75.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 6,510.95  3470.55 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | -0- |
| Fees for witnesses (itemize on page two) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1,694.80 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . . . . . . | 14,381.31 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | -0- |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | -0- |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | -0- |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | -0- |
| Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | -0- |

TOTAL   $ 22,912.00
5490.35

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services
for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the
following manner:

☒    Electronic service by e-mail as set forth below and/or.

☒    Conventional service by first class mail, postage prepaid as set forth below.

s/ Attorney:  _____

Name of Attorney:  **Kevin Gannon**

For:  __Genlyte Thomas Group LLC__                                      Date:  __3/13/2007__
Name of Claiming Party

Costs are taxed in the amount of _five thousand four hundred ninety 35/100_ and included in the judgment.

_____                    By: _____         5/11/07
Clerk of Court                                   Deputy Clerk                        Date

# EXHIBIT D



**MIDDLETON
REUTLINGER**

2500
Brown & Williamson
Tower

Louisville, Kentucky
40202

502.584.1135

502.561.0442 fax

www.middreut.com

**James E. Millman**
**Direct Dial: (502) 625-2765**
**jmilliman@middreut.com**

June 10, 2008

*Via Tele-Fax and First Class Mail*

Brett N. Dorny, Esq.
LAW OFFICE OF BRETT N. DORNY
386 West Main Street, Suite 12A
Northborough, Massachusetts 01532

Re:    *Genlyte Thomas Group LLC v. Architectural Lighting Systems,*
       U.S. District Court, District of Massachusetts
       Civil Action No. 05-CV-10945 WGY

Dear Mr. Dorny:

The Federal Circuit has issued its mandate.  We demand that ALS immediately pay the judgment of $207,554, prejudgment interest of $30,089, costs of $5,490.35 and post judgment interest at the rate of 5.10% (per the Court's Post Judgment Interest Rate Table).  The amount due and owing Genlyte, as of today, is $260,068.35 which includes post judgment interest in the amount of $16,935 (with additional interest of $36 per day going forward).  If payment is not made by June 18, 2008, we have been instructed to proceed with a motion to enforce the bond.

Further, please advise when Genlyte can expect to receive the additional royalty payments due under paragraph 8 of the Judgment.

Sincerely,
MIDDLETON REUTLINGER

James E. Milliman

cc:    The Hanover Insurance Company
       c/o Ms. Shelly Andrade
       Daniel R. Fuller, Esq.
       James R. Higgins, Jr., Esq.
       Robert J. Theuerkauf, Esq.

# EXHIBIT E

Genlyte v. ALS
Exhibit 1.0
POSTJUDGMENT INTEREST CALCULATION[1]

| Year | Damages Amount[1] [A] | Postjudgment Interest Rates [B] | Postjudgment Interest on Current Period Damages [C]=[A]*[B] | Beginning Cash Available [D]=prior[H] | Interest Rate [E]=[B] | Postjudgment Interest on Beginning Cash Available [F]=[D]*[E] | Total Postjudgment Interest Amount [G]=[C]+[F] | Ending Cash Available [H]=[A]+[D]+[G] |
|---|---|---|---|---|---|---|---|---|
| 2007 | $243,133.35 | 4.597% (2) | $11,177 | $0 | 4.597% | $0 | $11,177 | $254,310 |
| 2008 (4) | $0 | 2.264% (3) | 0 | 254,310 | 2.264% | 5,758 | 5,758 | 260,068 |
| | $243,133.35 | | | | | | $16,935 | |

Total Damages Due and Postjudgment Interest          $260,068

Daily rate[5]                                        0.0140%
Daily interest, after 6/10/08                        $36

Notes:
(1) Uses a judgment date of February 5, 2007 and yearly compounding.
(2) Rate is adjusted based on days interest is earned this period: 0.051*329/365 = .04597
(3) Rate is adjusted based on days interest is earned this period: 0.051*162/365 = .02264
(4) Through June 10, 2008.
(5) Daily rate calculated on a per-day basis as follows: 5.1% / 365.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSSETTS**

GENLYTE THOMAS GROUP LLC,

               Plaintiff,

v.

                                   Civil Action No. 05-CV-10945-WGY

ARCH LIGHTING GROUP, INC. d/b/a
ARCHITECTURAL LIGHTING SYSTEMS

               Defendant.

## [Proposed] ORDER ENFORCING SUPERSEDEAS BOND

This matter is before the Court on the motion by Plaintiff, Genlyte Thomas Group LLC ("Genlyte") to Enforce Supersedeas Bond ("Genlyte's Motion"). The Court, having reviewed and considered the parties' respective memoranda and supporting material, and any responses thereto, and otherwise being duly and sufficiently advised,

IT IS HEREBY ORDERED AND ADJUDGED that Genlyte's Motion be, and it hereby is, GRANTED;

IT IS HEREBY ORDERED AND ADJUDGED that the The Hanover Insurance Company of Worcester, MA pay to Genlyte, pursuant to its bond issued on July 5, 2007, No. 1818967, as follows:

| Judgment | $207,554 |
|---|---|
| Pre-judgment Interest | $30,089 |
| Costs | $5,490.35 |
| Post Judgment Interest at the rate of 5.10% | $17,259 |
| **TOTAL** | **$260,392.35** (plus an additional $36/day of post judgment interest from June 19, 2008 until the date of payment) |

IT IS FURTHER HEREBY ORDERED AND ADJUDGED that payment shall be made in full within _____ days from entry of this Order.


SO ORDERED this _____ day of _____, 2008.

_____
William G. Young, U. S. D. J.