UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| GENLYTE THOMAS GROUP LLC,<br><br>          Plaintiff,<br><br>v.<br><br>ARCH LIGHTING GROUP, INC. d/b/a<br>ARCHITECTURAL LIGHTING SYSTEMS<br><br>          Defendant. | Civil Action No. 05-CV-10945-WGY |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SUPERSEDEAS BOND**

Plaintiff, Genlyte Thomas Group LLC ("Genlyte"), by counsel, for its Reply to Defendant's Opposition to Plaintiff's Motion to Enforce Supersedeas Bond states:

ALS's Opposition to Genlyte's Motion to Enforce Supersedeas Bond is without merit and misleading. It is directly contrary to the law. The Federal Circuit's mandate has issued and the time period in which ALS has to file a petition for writ of certiorari to the United States Supreme Court is irrelevant to this Court's ability to enforce the supersedeas bond.

Upon issuance of the mandate by the Federal Circuit this Court regained jurisdiction for the purpose of enforcing the judgment, but, respectfully, lost the power to stay the judgment. *See e.g., Brinkman v. Dept. of Corrections of State of Kansas*, 857 F.Supp. 775, 777 (D.Kan. 1994) (granting plaintiff's motion to direct payment of judgment by defendant after court of appeals issued mandate and during time in which defendant had the ability to file a petition for writ of certiorari). 28 U.S.C. § 2101(f) provides that a stay of the Federal Circuit's mandate pending an application for certiorari "may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court . . . ." This section, as held by the court in *DCR*

*Fund I, LLC v. Tal Tech., Inc.*, 2008 WL 2004170, *2 (W.D. Okla. 2008)(a copy of which is attached as Exhibit F), "has uniformly been interpreted as requiring the stay be issued by the Court of Appeals or a justice of the United States Supreme Court." *Id.* (citing *Brinkman*, 857 F.Supp. at 777).

      ALS did not move the Federal Circuit for a stay of the mandate nor has ALS sought a stay from the United States Supreme Court. Consequently, this Court has jurisdiction to enforce the judgment. Moreover, because ALS has failed to pay the judgment and there is no stay, the Court should grant Genlyte's Motion to Enforce Supersedeas Bond. *Id.* at *2 (court ordered distribution of cash bond after issuance of mandate and despite defendant's assertion that it intended to file a petition for writ of certiorari).

                Respectfully submitted,

                /s/ Kevin Gannon
                James E. Milliman (Pro hac vice)
                James R. Higgins, Jr. (Pro hac vice)
                Robert J. Theuerkauf (Pro hac vice)
                MIDDLETON REUTLINGER
                2500 Brown & Williamson Tower
                Louisville KY  40202
                Telephone:  (502) 584-1135
                Facsimile:  (502) 561-0442

                -and-

                Thomas C. O'Konski  BBO#337475
                Kevin Gannon BBO#640931
                Cesari and McKenna, LLP
                88 Black Falcon Avenue
                Boston, MA  02210
                Telephone:  (617) 951-2500
                Facsimile:  (617) 951-3927

                *Counsel for Plaintiff, Genlyte Thomas Group LLC*

3

Certificate of Service

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 7th day of July, 2008.

                                            /s/ Kevin Gannon
                                            *Counsel for Plaintiff, Genlyte Thomas Group LLC*

# EXHIBIT F

Westlaw.

Slip Copy  
Slip Copy, 2008 WL 2004170 (W.D.Okla.)  
**(Cite as: 2008 WL 2004170 (W.D.Okla.))**

Page 1

H  
DCR Fund I, L.L.C. v. Tal Technologies, Inc.  
W.D.Okla.,2008.  
Only the Westlaw citation is currently available.  
United States District Court,W.D. Oklahoma.  
DCR FUND I, L.L.C., Plaintiff,  
v.  
TAL TECHNOLOGIES, INC., et al., Defendants,  
andMoshe Tal, individually and as assignee of claim of Tal Technologies Inc., TS Family Limited Partnership, and Bricktown Grain Elevator Company, Counterclaimant/Third Party Plaintiff,  
v.  
DCR Fund I, L.L.C., and Bridgeview Bank, N.A., Counterclaim/Cross-Claim Defendants,  
v.  
Bank One, N.A., et al., Third-Party Defendants.  
No. CIV-03-772-L.

May 7, 2008.

Michael D. Gray, Britton Gray Ramsey & McCutcheon, Oklahoma City, OK, for Plaintiff.  
James E. Dunn, James E. Dunn & Associates PC, Oklahoma City, OK, W. Dan Nelson, Edmond, OK, Moshe Tal, Oklahoma City, OK, for Defendants.

**ORDER**

TIM LEONARD, District Judge.  
*1 On December 6, 2004, the court issued an order declaring plaintiff, DCR Fund I, L.L.C., was entitled to recover on a promissory note executed by defendant Tal Technologies, Inc. ("TTI"). In addition, the court found DCR was entitled to foreclose the mortgage associated with the note and to enforce the guaranty agreements executed by defendants TS Family Limited Partnership ("TSFLP") and Moshe Tal, president of TTI. The court also ruled that defendant Bridgeview Bank, N.A. was entitled to a judgment declaring its mortgage a junior lien on the property at issue and that the mortgage secured payment of the attorney's fees associated with the foreclosure proceeding. On June 3, 2005, the court issued an amended Journal Entry of Judgment reflecting an *in rem* judgment in favor of DCR and against TTI "in the amount of $191,946.46, along with interest accrued as December 23, 2004 in the amount of $83,686.65, plus post-judgment interest accruing at the annual rate of 2.66% from December 23, 2004 until paid, along with attorney's fees and costs to be awarded". Amended Journal Entry of Judgment at 5 (Doc. No. 310). DCR was granted *in personam* judgment against TTI, TSFLP and Tal in the same amount. Likewise, Bridgeview was granted judgment in an amount equal to its attorney's fees, in an amount to be determined.

On July 5, 2005, the Tal defendants appealed the court's judgment on the merits and sought a stay of execution. Defendants posted a cash bond of $279,550.66, which was placed in an interest bearing account. The court approved the bond amount and granted the motion for stay. Order at 1 (Doc. No. 348). Thereafter, the court awarded attorney's fees to DCR and Bridgeview. The court awarded DCR $109,480.50 in fees, together with post-judgment interest at the rate of 4.09 percent, and Bridgeview was awarded $113,901.87. Judgment (Doc. No. 358). After the court denied the Tal defendants' motion to alter or amend the judgment assessing fees, the Tal defendants timely appealed that judgment as well. Notice of Appeal (Doc. No. 372). Thereafter the Tal defendants posted an additional cash bond of $224,608.89, and the court granted their motion to stay enforcement of the attorney's fees judgment. Order at 2 (Doc. No. 370).

On January 24, 2008, the Court of Appeals issued an Order and Judgment affirming this court's award of summary judgment to DCR and Bridgeview in all respects. *DCR Fund I, LLC v. TS Family Ltd. P'ship*, 2008 WL 196298 (10th Cir.2008). The fee-related appeal had been previously dismissed by the Court of Appeals. The Court granted DCR's and Bridgeview's requests for appeal-related attorney's fees in both the merits appeal and the fee appeal. *DCR Fund I, LLC v. TS Family Ltd. P'ship*, Case

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2008 WL 2004170 (W.D.Okla.)  
(Cite as: 2008 WL 2004170 (W.D.Okla.))

Page 2

Nos. 05-6232 & 05-6395, order at 2-3 (10th Cir. Feb. 26, 2008). In a separate order issued this date, the court has awarded additional attorney's fees to DCR and Bridgeview.

This matter is before the court on DCR's Motion for the Court to Order Distribution of Funds Deposited with the Court to DCR Fund I, L.L.C. Bridgeview supports DCR's motion and moves for disbursement to it of any excess funds. The Tal defendants objected to releasing the funds on the ground that the appeal proceedings were not final because they intended to file a petition for writ of certiorari with the United States Supreme Court. The Tals' Objections to DCR Fund I, LLC Motion to Release Bond Funds at 2 (Doc. No. 397). A review of the court's docket reflects that the Tal defendants did, in fact, file a petition on April 23, 2008. (Doc. No. 403). The filing of a petition for review in the Supreme Court, however, is insufficient to stay execution of the judgment.

*2 Stays of execution pending Supreme Court review are governed by 28 U.S.C. § 2101(f), which provides:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court....

28 U.S.C. § 2101(f). This section has uniformly been interpreted as requiring the stay be issued by the Court of Appeals or a justice of the United States Supreme Court. *See Brinkman v. Dep't of Corrections,* 857 F.Supp. 775, 777 (D.Kan.1994) (collecting cases).

The Tal defendants are, in effect, asking this court to stay the Tenth Circuit's mandate, which the court cannot do. Moreover, their request to the Circuit to withdraw the mandate was summarily denied by that Court. *DCR Fund I, LLC v. TS Family Ltd. P'ship,* Case Nos. 05-6232 & 05-6395, order at 3-4 (10th Cir. Feb. 26, 2008) (Doc. No. 391). There is no indication in the record that the Tal defendants have sought or obtained a stay from a justice of the Supreme Court. As the **mandate** from the Court of Appeals has issued, this court's prior **staydissolved** as a matter of law. The Tal defendants are therefore obligated to pay the judgments against them from the funds on deposit with the court.

The Motion for the Court to Order Distribution of Funds Deposited with the Court to DCR Fund I, L.L.C. (Doc. No. 395) is GRANTED. The Clerk of Court is directed to disburse the sum of $486,764.00 together with $32.56 per diem from this date until paid to plaintiff, DCR Fund I, L.L.C., in full payment of the Judgments issued June 3, 2005 (Doc. No. 310), October 12, 2005 (Doc. No. 358), and this date. Bridgeview Bank, N.A.'s Separate Motion for Order Disbursing Excess Funds (Doc. No. 401) is also GRANTED. The Clerk of Court is directed to disburse all sums in excess of those paid to plaintiff to Bridgeview Bank, N.A.

It is so ordered.

W.D.Okla.,2008.  
DCR Fund I, L.L.C. v. Tal Technologies, Inc.  
Slip Copy, 2008 WL 2004170 (W.D.Okla.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.